■ TIMOTHY G. MCKINNIS, Respondent, v CITY OF SCHENECTADY, Defendant and Third-Party Plaintiff-Respondent-Appellant. ANDREW BONCIE, Third-Party Defendant and Fourth-Party Plaintiff-Appellant-Respondent; SCHENECTADY URBAN RENEWAL AGENCY, Fourth-Party Defendant-Respondent-Appellant. [650 NYS2d 910] —Crew III, J. Cross appeals from an order of the Supreme Court (Lynch, J.), entered October 16, 1995 in Schenectady County, which (1) denied third-party defendant's motion for summary judgment dismissing the third-party complaint and/or seeking indemnification against fourth-party defendant, (2) denied a cross motion by defendant and fourth-party defendant for summary judgment dismissing all complaints against them, and (3) granted plaintiff's cross motion for leave to serve an amended complaint.

In December 1976, fourth-party defendant, Schenectady Urban Renewal Agency (hereinafter SURA), purchased real property and improvements located at 744 Albany Street in the City of Schenectady, Schenectady County. After demolish-

ing the building located on the property, SURA sold the vacant lot to third-party defendant, Andrew Boncie, in November 1977. On July 29, 1988, as plaintiff was driving southbound on Paige Street, which is adjacent to the property in question, the road caved in and he was injured. Investigation of the area revealed that the "cave in" was due to a ruptured water line that serviced the property.

Plaintiff thereafter commenced this action against defendant alleging negligence in the construction, inspection and maintenance of its water main. Defendant commenced a third-party action against Boncie alleging that Boncie negligently maintained the water line servicing the property, which contributed to or caused the accident. Boncie, in turn, commenced a fourth-party action against SURA seeking contribution or indemnification for SURA's failure to properly disconnect the water service to the property in accordance with the relevant section of the Schenectady City Code. Thereafter, Boncie moved for summary judgment seeking dismissal of the third-party action or, in the alternative, indemnification from SURA, and defendant and SURA cross-moved for, *inter alia*, dismissal of all actions against them. Plaintiff also cross-moved for leave to amend his complaint. Supreme Court denied Boncie's motion, denied the cross motions of defendant and SURA, and granted plaintiff leave to amend his complaint. Defendant, Boncie and SURA now appeal.

Defendant urges that it was entitled to summary judgment by reason of the fact that it had no prior written notice of the alleged defect as required by Schenectady City Code § C7-1. We disagree. The defect alleged in plaintiff's complaint refers to leaks in defendant's water main and water service lines that were not properly maintained or repaired, which caused the street to cave in as plaintiff's automobile drove over the defective area. Prior written notice statutes are in derogation of the common law and should be strictly construed. Schenectady City Code § C7-1 makes no reference to latent defects or conditions and, fairly read, refers to actual physical defects in the surface of a street or highway (*cf., Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362, 365-366). Inasmuch as the leaking water pipe was subsurface and not visible, Supreme Court correctly determined that the notice statute was inapplicable.

We come to a different conclusion, however, with regard to Supreme Court's denial of Boncie's motion for summary judgment. The record reveals that in November 1972, a leak in the water service line to the property was reported to defendant, as a result of which the owner was directed to shut off the ser-

vice. Defendant's records further reveal that a licensed plumbing company shut the water service off at the main on or about November 8, 1972. Investigation after plaintiff's accident revealed that the water service line to the property had not been shut off as indicated, and the water service line to the property had ruptured, thereby causing the collapse of the street. Finally, the record reveals that Boncie was unaware of any leak or disrepair of the water service line to his property until he was notified of plaintiff's accident. It is clear, therefore, that Boncie had neither actual nor constructive notice of the defective water service line and, without such, he cannot be found liable (*see, Gordon v American Museum of Natural History*, 67 NY2d 836). And while Boncie had a duty to reasonably inspect the premises, such duty did not require excavation to examine his water service line (*see, De Witt Props. v City of New York*, 44 NY2d 417, 424).

Finally, we reject defendant's assertion that Boncie is responsible to plaintiff by reason of Schenectady City Code §§ 255-30 and 255-33. While it is true that an abutting landowner to public property may owe a duty to the public by virtue of a statute obligating the landowner to maintain the adjoining property (*see, Hausser v Giunta*, 88 NY2d 449, 453), in order for such a statute to impose tort liability upon the abutting owner for negligent conduct, the language of the statute must specify the duty owed by the landowner and explicitly state that the landowner will be liable to those injured as a result of the breach of such duty (*see, Parker v Singer*, 202 AD2d 409). Although the cited sections of the Schenectady City Code address the maintenance of water service lines and provide that property owners are required to maintain, at their own cost and expense, the water service lines, those sections do not provide that such landowners shall be liable to those injured as a result of their failure to maintain their water service lines in accordance therewith. In light of this conclusion, we need not address the merits of SURA's appeal from the denial of its cross motion for summary judgment.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied Andrew Boncie's motion for summary judgment dismissing the third-party complaint; said motion granted, summary judgment awarded to Boncie and the third-party complaint and fourth-party complaint are dismissed; and, as so modified, affirmed.