■ ALFRED FRANK, Respondent, v TIME EQUITIES, INC., Appellant. [739 NYS2d 140] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered September 28, 2000, which denied the motion of defendant Time Equities, Inc. for summary judgment dismissing the complaint and granted plaintiff's cross motion for further discovery, unanimously reversed, on the law, without costs, plaintiff's cross motion denied and defendant's motion granted. The clerk is directed to enter judgment in favor of defendant dismissing the complaint.

To establish a prima facie case of negligence in a slip and fall case, the plaintiff must show that the defendant created a dangerous condition or had actual or constructive notice of it (*Segretti v Shorenstein Co., E.*, 256 AD2d 234, citing *Gordon v American Museum of Natural History*, 67 NY2d 836, 837). While a defendant moving for summary judgment has the burden of demonstrating entitlement to dismissal as a matter of law, there is no need for a defendant to submit evidentiary materials establishing a lack of notice where the plaintiff failed to claim the existence of notice of the condition (*see, Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384; *Crawford v MRI Broadway Rental*, 254 AD2d 68).

When defendant moved for summary judgment, plaintiff's complaint and subsequent evidentiary materials rested upon the allegation that the dangerous condition on the stairway was rain water that had poured through an open window. Yet, in addition to testifying that he had seen nothing before his fall, plaintiff also testified that it was clear on the day he fell, that he had previously seen the window open only when the floors were mopped, that he had seen someone mopping only once, that he had never complained about the window being left open and that he knew of no one else who had done so.

Given the lack of any evidence that defendant had actual notice of the complained-of condition, or any evidence that the condition was visible and apparent for a sufficient time for defendant to discover and remedy it (*see, Segretti, supra*, citing

*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *Luzinski v Kenvic Assoc.*, 242 AD2d 246, 246-247, quoting *Gordon, supra* at 837), defendant fulfilled its initial burden of establishing its right to summary judgment.

In opposing the motion, plaintiff provided no evidence to raise a disputed issue of fact on the issue of notice based upon the claim he had propounded. Rather, he alleged for the first time that his fall was due to a wholly different dangerous condition. However, nothing in his new assertion supported a conclusion that defendant had either actual or constructive notice of that condition.

Where nothing filed or submitted by a plaintiff demonstrates that the defendant knew of the alleged hazardous condition or that it was visible and apparent for a sufficient time for defendant to discover it, the defendant is entitled to summary judgment dismissing the complaint (*see, Pollio v Nelson Cleaning Co.*, 269 AD2d 512). Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Friedman, JJ.