■ MICHAEL UHLICH et al., Respondents-Appellants, v CANADA DRY BOTTLING COMPANY OF NEW YORK, Appellant, 219 CORP., Respondent. [758 NYS2d 650] —Order, Supreme Court, New York County (Walter Tolub, J.), entered April 10, 2002, which, in an action for personal injuries sustained in a trip and fall at the loading dock area of a warehouse leased by defendant-appellant Canada Dry Bottling Company of New York and owned by defendant-respondent 219 Corp., granted the owner's motion for summary judgment dismissing the complaint as against it and denied the tenant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

For a prima facie case of negligence in a slip and fall case, a plaintiff must demonstrate that defendant created the condition which caused the accident, or that defendant had actual or constructive notice of the condition (*see Arnold v New York City Hous. Auth.*, 296 AD2d 355 [2002]; *Frank v Time Equities*, 292 AD2d 186 [2002]). To constitute constructive notice "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). A plaintiff may satisfy this burden "by evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord" (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107 [1996]; *accord David v New York City Hous. Auth.*, 284 AD2d 169, 171 [2001]; *cf. Endres v Mingles Rest.*, 271 AD2d 207 [2000], *lv dismissed* 95 NY2d 845 [2000]). Here, plaintiff offered evidence that he had previously observed garbage, debris, potholes, broken asphalt and obstructive vehicles in the parking lot and general area he traversed in making deliveries to the tenant, defendant Canada Dry Bottling Company of New York, and that on a number of occasions he specifically complained to the tenant about the garbage. Contrary to tenant's contention, this evidence is sufficient to raise a triable issue of fact as to a recurring condition. Accordingly, the motion court properly denied tenant's motion for summary judgment.

The action was properly dismissed as against the owner 219

Corp., an out-of-possession landlord which did not assume an obligation to maintain the property. Broken fragments of asphalt "do not constitute a significant structural defect, and it has not been alleged that there was a violation of any specific statutory [safety] provision" (*Quinones v 27 Third City King Rest.*, 198 AD2d 23, 24 [1993]). Concur—Andrias, J.P., Rosenberger, Marlow and Gonzalez, JJ.