■ Adam Solomon, Appellant, v Joseph Loszynski et al., Respondents. [800 NYS2d 46]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered May 5, 2004, as, upon an order of the same court dated September 22, 2003, granting the motion of the defendants Joseph Loszynski and Deborah Loszynski, and the separate motion of the defendant Troy Beckwith, Sr., for summary judgment dismissing the complaint insofar as asserted against them, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendants Joseph Loszynski and Deborah Loszynski and adding thereto a provision severing the action against those defendants; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant Troy Beckwith, Sr., and one bill of costs payable by the defendants Joseph Loszynski and Deborah Loszynski to the plaintiff, the complaint is reinstated insofar as asserted against the defendants Joseph Loszynski and Deborah Loszynski, and the order is modified accordingly.

In premises liability cases alleging an injury caused by a defective condition, the plaintiff must show that the landowner either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it (see *McKeon v Town of Oyster Bay,* 292 AD2d 574 [2002]; *Austin v Lambert,* 275 AD2d 333, 334 [2000]). On their motion for summary judg-

ment, the defendants Joseph Loszynski and Deborah Loszynski established their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). However, contrary to the Supreme Court's determination, in opposition, the plaintiff raised triable issues of fact as to whether the staircase was in a dangerous or defective condition and whether the Loszynskis had actual or constructive notice thereof prior to its collapse (*see Alvarez v Prospect Hosp., supra; see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.