■ OLGA ZUK, Respondent, v THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Doing Business as FOOD EMPORIUM, Appellant. [799 NYS2d 504]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered June 21, 2004, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

This is a personal injury action in which plaintiff claims that she was injured when, while walking on a sidewalk at a strip mall, she was struck by an empty shopping cart owned by defendant. Plaintiff testified at an examination before trial that she did not see the cart prior to being struck by it, she was looking at nothing in particular prior to the incident, and she did not see anyone touching the cart before it struck her.

Defendant's store manager testified that defendant's shopping carts were kept in an enclosed, padlocked corral and that the store had not received any complaints regarding shopping carts being taken from that corral. Defendant later admitted that carts, on occasion, were stolen or otherwise taken from the secure area, and that when the latter occurred, store personnel retrieved them.

At the close of discovery, defendant moved for summary judgment, which was denied by the motion court due to the existence of triable issues of fact. We disagree and reverse.

It is a well-established principle that a landowner is under a duty to maintain its property in a reasonably safe condition under the existing circumstances, including the likelihood of injury to third parties, the potential that any such injury would be of a serious nature and the burden of avoiding the risk (*Basso v Miller*, 40 NY2d 233, 241 [1976]; *Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 141-142 [2000]). In order to recover damages for a breach of this duty, a party must establish that the landlord created, or had actual or constructive notice of the hazardous condition which precipitated the injury (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Mejia v New York City Tr. Auth.*, 291 AD2d 225, 226 [2002]). Moreover, in order to constitute constructive notice, "a defect must be visible and apparent and it must exist for a suf-

ficient length of time prior to the accident to permit [the owner's] employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *O'Connor-Miele v Barhite & Holzinger, Inc.*, 234 AD2d 106 [1996]).

In this matter, plaintiff has submitted absolutely no evidence that defendant created the hazardous condition or had actual notice of it. Further, other than plaintiff's speculation to the contrary, there is no evidence how long the cart was out of the corral, or that defendant's employees had time to retrieve it. Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.