■ CARMEN IRIZARRY, Appellant, v 15 MOSHOLU FOUR, LLC, et al., Respondents. [806 NYS2d 534]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered January 30, 2002, which granted defendants' motion for summary judgment dismissing plaintiff's complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

It is settled law that a landowner is under a duty to maintain its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (*Basso v Miller*, 40 NY2d 233, 241 [1976]). However, as a prerequisite for recovering damages, a plaintiff must establish that the landlord created or had either actual or constructive notice of the hazardous condition that precipitated the injury (*see O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106 [1996]).

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the owner's] employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). Moreover, a plaintiff may raise a triable issue of fact regarding constructive notice by adducing sufficient evidence that an ongoing and recurring dangerous condition existed in the area of the accident that was routinely left unaddressed by the landlord (*see O'Connor-Miele*, 234 AD2d at 106-107).

The deposition testimony of plaintiff and nonparty witnesses

indicate not only that refuse on the subject stairwell was a recurring condition, but that it frequently remained unremedied. Plaintiff testified that garbage, in the form of a plastic bag, caused her fall. A tenant who used the stairs daily testified that the stairs were generally unclean and that litter was allowed to accumulate to an uncomfortable level. Another tenant testified that she complained to both the superintendent and the landlord that the stairs were not clean, and that garbage littered the stairs after tenants brought their garbage bags down the stairs for disposal.

The above evidence, when compared to defendants' witnesses' testimony regarding defendants' alleged cleaning schedule, raises issues of fact as to whether there was actually a dangerous and frequently unremedied recurring condition on the stairs that caused plaintiff's claimed injury. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.