■ DIANNE DELIA, Appellant-Respondent, v 1586 NORTHERN BLVD. Co., LLC, Respondent-Appellant, and INTERNATIONAL HOUSE OF PANCAKES, Respondent. DIANNE DELIA, Appellant, v 1586 NORTHERN BLVD. Co., LLC, et al., Respondents. [812 NYS2d 45]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered January 7, 2005, which, to the extent appealed from as limited by the briefs, dismissed the complaint as against defendant International House of Pancakes (IHOP) and denied the motion by defendant 1586 Northern Blvd. Co. for summary judgment on its cross claim for contractual indemnification against IHOP, and order, same court and Justice, entered May 2, 2005, which, upon reargument, further granted 1586 Northern Blvd. Co.'s motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

Landowners have a duty to maintain their property in a reasonably safe condition, and to warn of latent hazards of which they are aware (*Basso v Miller*, 40 NY2d 233 [1976]). Although the open and obvious nature of a dangerous condition will not preclude a finding of liability against a landowner who causes foreseeable risks of harm through a failure to maintain the property in a reasonably safe condition, summary dismissal is appropriate where, as here, a plaintiff fails to demonstrate the existence of a dangerous condition (*Trincere v County of Suffolk*, 90 NY2d 976 [1997]). Here, the photographs and testimony established that the walkway was not in a dangerous condition. The conclusory affidavit of plaintiff's expert failed to raise an issue of fact as to whether the walkway presented a foreseeable hazard triggering a duty to remedy or warn. In view of the foregoing, we need not reach the remaining arguments regarding indemnification (*see Bilinski v Bank of Richmondville*, 12 AD3d 911 [2004]). Concur—Tom, J.P., Saxe, Nardelli, Williams and Gonzalez, JJ.