**Robert DiNUNZIO, Plaintiff,**

v.

**KEN–JIL ELECTRICAL CONTRAC-TORS, INC., Martin Cohen and Abbey Cohen, Defendants.**

**No. 02 CIV.3836 SCR.**

United States District Court, S.D. New York.

Feb. 6, 2007.

Robert W. Folchetti, Klein & Folchetti, White Plains, NY, for Plaintiff.

Timothy M. McCarthy, Law Offices of Irwen C. Abrams, Brooklyn, NY, for Defendants.

MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

Robert DiNunzio ("Plaintiff") brought this negligence action against Ken–Jil Electrical Contractors, Inc. ("Ken–Jil")

and Martin and Abbey Cohen (the "Cohens"). Plaintiff's claim arises out of an accident that occurred on May 20, 1999. The Cohens now move for summary judgment. Both Plaintiff and Ken–Jil opposed the Cohens' motion. For the reasons set forth below, the Cohens' motion is denied.

## I. Background

From approximately 1971 through approximately 2000, the Cohens owned a one family home at 21 Ethan Court, Orangeburgh, New York. In or about April and May, 1998, the Cohens hired Ken–Jil to perform electrical work, some of which occurred in the Cohen's attic. On or about May 20, 1999, Plaintiff came to the Cohens' house to perform annual maintenance on the air conditioning unit, which was located in the attic.

According to Plaintiff, before he entered the attic, the Cohens told him that they had been having problems with their attic fan. He asserts that they said that the problem had been occurring essentially since Ken–Jil performed the electrical work in April and May of 1998. He further asserts that he entered the attic, observed that the fan was not running, and shouted down to the Cohens that the fan was not working. Shortly thereafter, according to Plaintiff, he put his hand on the ductwork to move across the attic. When he did so, he says that he received an electrical shock, causing him to fall back and twist his knee.

## II. Discussion

### A. Standard of Review

Summary judgment is appropriate only if "there is no genuine issue as to any material fact[.]" Fed.R.Civ.P. 56(c). Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*

The initial burden falls on the moving party who is required to "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets its burden, the burden shifts to the party opposing summary judgment to set forth "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party "may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that 'its version of the events is not wholly fanciful.' " *Morris v. Lindau,* 196 F.3d 102, 109 (2d Cir.1999) (quoting *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir.1998)).

### B. A Landowner's Duty of Care

The Cohens argue that they are entitled to summary judgment because they did not have actual or constructive knowledge of the problem in their attic.

 It is well established that "[l]andowners have a duty to maintain their property in a reasonably safe condition . . . ." *Delia v. 1586 Northern Blvd. Co., LLC,* 27 A.D.3d 269, 812 N.Y.S.2d 45, 45–46 (N.Y.App.Div.2006): *see also Zuk v. Great Atlantic & Pacific Tea Co., Inc.,* 21 A.D.3d 275, 275, 799 N.Y.S.2d 504 (N.Y.App.Div. 2005). For example, "[w]here [an] owner invites workmen onto his premises he owes a duty to provide them with a safe place to work." *Monroe v. City of New York,* 67 A.D.2d 89, 96, 414 N.Y.S.2d 718 (N.Y.App. Div.1979).

■ Before a plaintiff can recover damages, he or she must establish that the landowner "created or had either actual or constructive notice of the hazardous condition that precipitated the injury." *Irizarry v. 15 Mosholu Four, LLC,* 24 A.D.3d 373, 373, 806 N.Y.S.2d 534 (N.Y.App.Div. 2005); *see also Zuk,* 21 A.D.3d at 275, 799 N.Y.S.2d 504; *Solomon v. Loszynski,* 21 A.D.3d 366, 366–67, 800 N.Y.S.2d 46 (N.Y.App.Div.2005). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the owner] ... to discover and remedy it." *Irizarry,* 24 A.D.3d at 373, 806 N.Y.S.2d 534 (quoting *Gordon v. American Museum of Natural History,* 67 N.Y.2d 836, 837–38, 501 N.Y.S.2d 646, 492 N.E.2d 774 (N.Y.1986)). A landowner is generally charged with constructive "notice of the dangerous conditions which a reasonable inspection would have discovered" because part of the landowner's duty to maintain their property is the duty to use reasonable care to inspect and repair the property. *Wynn ex rel. Wynn v. T.R.I.P. Redevelopment Associates,* 296 A.D.2d 176, 181–82, 745 N.Y.S.2d 97 (N.Y.App.Div. 2002); *see also Zuckerman v. State,* 209 A.D.2d 510, 512, 618 N.Y.S.2d 917 (N.Y.App.Div.1994) ("In general, the duty which the common law imposes on the owner or possessor of property includes the duty to make reasonable efforts to inspect the property so as to determine the presence of dangerous conditions."); *Monroe,* 67 A.D.2d at 96, 414 N.Y.S.2d 718 ("The duty of an owner to provide a safe place to work encompasses the duty to make reasonable inspections to detect dangerous conditions."). A landowner does not have to inspect for every possible problem that might conceivably occur. For example, at least one New York court has held, in the landlord-tenant context, that the duty to inspect is not triggered where "there is nothing to arouse the landlord's suspicion." *See Appleby v. Webb,* 186 A.D.2d 1078, 1079, 588 N.Y.S.2d 228 (N.Y.App.Div.1992); *cf. McKinnis v. City of Schenectady,* 234 A.D.2d 760, 762, 650 N.Y.S.2d 910 (N.Y.App.Div.1996) (granting summary judgment where the landowner did not have actual nor constructive knowledge of a defective water service line and his duty to inspect "did not require excavation to examine his water service line").

■ There is a genuine issue of material fact over whether the Cohens had constructive notice about the electrical problem in their attic. In Plaintiff's deposition, he testified that both Mr. and Mrs. Cohen told him, before he entered the attic, that they had been experiencing a problem with their attic fan essentially from the time they had electrical work performed in their attic. (DiNunzio Dep. at 57–58, 61.) He also testified that they asked him to listen to the fan when he was in the attic to confirm their suspicions. (DiNunzio Dep. at 57, 61.) Ken–Jil performed electrical work in the attic during April and May 1998. (Leyden Aff. ¶ 10.) A reasonable jury could conclude that the Cohens should have inspected the attic, and a reasonable inspection would have revealed the electrical problem. In support of their motion, the Cohens only offer conclusory assertions that they did not have constructive knowledge and that a reasonable inspection would not have revealed the problem in the attic. They did not offer *any* evidence to support their claims.

## III. Conclusion

For the reasons stated above, the Cohen's motion for summary judgment is denied.

*It is so ordered.*