■ CARMEN BIDO, Appellant, v 876-882 REALTY, LLC, Respondent, et al., Defendant. [839 NYS2d 54]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about July 10, 2006, which granted defendant 876-882 Realty's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiff tenant slipped and fell on debris in the stairwell of defendants' building. She testified that accumulated litter from garbage and refuse was a daily problem in this stairwell, as a result of tenants taking their garbage bags downstairs for disposal. Nothing was done to remedy this condition, even after she complained about it to building superintendent "Rego." On this occasion, in trying to avoid some litter, she slipped on an oily substance and slid down one flight to the second-floor landing.

Plaintiff's daughter, who also lived in the building, attested to the condition in a nonparty deposition. Another nonparty witness in the building also testified that he saw garbage on the stairways, but the building was rarely cleaned.

The landlord argued, on the motion, that it had neither actual nor constructive notice of the debris that caused this accident. The motion included deposition testimony of one of the building's owners, indicating that he inspected the interior stairwells once a week, and denied knowledge of anyone named "Rego." Summary judgment was granted for lack of actual or constructive notice of the hazard, and plaintiff's admission that she did not know how long the garbage that caused her detour had been there.

The depositions of plaintiff and nonparty witnesses raise issues of fact as to whether the accumulation of refuse in this stairwell was a dangerous and frequently unremedied recurring condition that caused this injury (*Irizarry v 15 Mosholu Four, LLC*, 24 AD3d 373 [2005]; *Uhlich v Canada Dry Bottling Co. of N.Y.*, 305 AD2d 107 [2003]). Plaintiff did not have to prove the landlord knew or should have known the existence of the exact item of debris that caused her fall (*Benn v Municipal Hous. Auth. for City of Yonkers*, 275 AD2d 755, 756 [2000]). Concur—Andrias, J.P., Gonzalez, Sweeny, McGuire and Malone, JJ.