■ Kymberly Higgins-Barber, Respondent, v Raffles International et al., Appellants. (And a Third-Party Action.) [847 NYS2d 20]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered April 12, 2007, which, in an action for personal injuries sustained when a glass shower door fell on plaintiff while she was taking a shower at defendants' hotel, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We reject defendants' argument that they cannot be held liable unless they had notice of the alleged defect in the shower door in plaintiff's particular room (citing, inter alia, *Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]). Even if defendants never received any complaints about this particular shower door, or regularly inspected this particular shower door, as they assertedly did the shower doors in all of the rooms, and found no problems, issues of fact bearing on notice would exist, including the adequacy of defendants' inspection and maintenance procedures. Such issues are raised by defendants' acknowledgment that there had been at least 22 similar incidents involving identical shower doors in other rooms going back 10 years to the installation of identical doors in all of the hotel's rooms in

the mid-1990s (*cf. Bido v 876-882 Realty, LLC*, 41 AD3d 311 [2007]), and by defendants' failure to adduce evidence in their initial moving papers as to the proper inspection and maintenance procedures for hotel shower doors (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Defendants' argument that the prior incidents are statistically insignificant given that the hotel has over 500 rooms is effectively countered not only by the affidavit of plaintiff's expert, who identified specific defects in the assembly of an identical shower door assertedly indicative of a dangerous design or installation defect warranting replacement, but also by the testimony of their own witness that beginning 10 months before plaintiff's accident, the hotel had begun replacing all the shower doors with shower curtains. Defendants' argument that there is no proximate cause between the alleged defects in the shower door and plaintiff's accident was improperly raised for the first time in their reply papers before the motion court, and we decline to consider it (*see Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1992]). Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ.