■ Ines DeJesus, Respondent, v New York City Housing Authority, Appellant. [861 NYS2d 31]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered July 17, 2007, which denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Shortly after 8:00 a.m. on December 19, 2004, as she returned from leaving a bag of recyclable trash next to a fence surrounding a locked outdoor "dump site" in the Marble Hill Houses in the Bronx, plaintiff, a home health aide who had been working for one of the tenants for the past year and a half, slipped and fell on a small one-foot triangular piece of yellow carpet that was "wet on the bottom" and was laying in the walkway to the dump site. Prior to her fall, plaintiff had not seen the piece of carpet on the walkway, either on her trip to or from the site.

In denying defendant's motion for summary judgment dismissing the complaint, the court found a question of fact as to whether it knew of, caused or created the condition that caused plaintiff's accident. However, defendant's caretaker testi-

fied that twice a day, at 9:30 A.M. and approximately 2:00 P.M., he would clean up any garbage improperly left by tenants along the fence near the fenced-in and locked dump site, where there was a "No Dumping" sign posted. Given this undisputed testimony, plaintiff's testimony that she observed approximately 10 bags of garbage along the fence on the day of her accident and always saw garbage in the same area whenever she went to the site twice weekly to discard her employer's recyclable trash was insufficient to raise a triable issue of fact as to whether defendant knew or should have known of the piece of carpet on which she slipped.

It is well settled that neither a general awareness of the presence of litter or some other dangerous condition nor plaintiff's observation of trash in the general area is legally sufficient to charge defendant with constructive notice of the piece of carpet she slipped on (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]). Here, as in *Gordon*, the defect in plaintiff's case is not an inability to prove the element of causation, but the "lack of evidence establishing constructive notice of the particular condition that caused [her] fall" (*id.*). This is not a case where it can be said that despite its conceded knowledge that garbage was being left in the area next to the dump site, defendant negligently failed to take any measures to avoid the creation of a dangerous condition. In fact, the caretaker testified that after he told his supervisor of the ongoing problem of improper dumping, he was directed to—and did— regularly remove any improperly discarded garbage and clean the area. On the evidence presented, the piece of carpet that caused plaintiff's fall, which was about 10 feet away from where plaintiff left her garbage, "could have been deposited there only minutes or seconds before the accident and any other conclusion would be pure speculation" (*id.*; *see also Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837 [2005]). Concur—Andrias, Williams and Buckley, JJ.

Mazzarelli, J.P., and Acosta, J., dissent in a memorandum by Acosta, J., as follows: Because in my view there are clear, triable issues of fact as to "an ongoing and recurring dangerous condition exist[ing] in the area of the accident which was routinely left unaddressed by the landlord" (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106-107 [1996]), I respectfully dissent and would affirm the motion court.

Defendant was clearly aware of the dangerous conditions caused by the continuous and repeated acts of leaving garbage in an area that was neither designed nor designated for garbage drop-off. The majority's reliance on *Gordon v American Museum*

*of Natural History* (67 NY2d 836 [1986]) is misplaced inasmuch as defendant's knowledge goes beyond a "general awareness" that garbage might be left in the area, and creates an issue of fact as to whether defendant caused or created the condition. Although defendant argues it did not cause or create the condition because tenants were never permitted to bring garbage to this area and it directed them to place garbage elsewhere, the record as to these facts is unclear. At one point during his deposition, the caretaker stated that tenants were not permitted to do so; at another he stated that for a period of time they were. Furthermore, while defendant claims that it sent fliers to the tenants advising them not to leave their garbage in the area, these fliers were not part of the record. Worse, the caretaker testified that such fliers may have gone out once every five years, with the last distribution possibly occurring in 2002, no less than six months prior to plaintiff commencing employment for the tenant at defendant's premises.

The condition was also not transient, but one that occurred in a variety of shapes and forms every day (*compare Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837 [2005] [which reinstated the grant of summary judgment for a defendant where a dangerous condition—garbage strewn on steps—did not recur on a daily basis, the Court noting the absence of garbage on the steps the night before the accident]). Defendant's caretaker corroborated plaintiff's testimony of the dangerous condition, having complained to his supervisor and being instructed to "make sure you clean it up."

Indeed, the facts that there was a sign in the area that said "No Dumping," and that defendant purports to have sent notices to all tenants once every five years directing them not to leave garbage in the area, suggest that defendant was aware of tenants leaving garbage in the "dumping site" but did not take sufficient steps to remedy the recurrent dangerous condition. This is an obvious issue of fact that prevents summary dismissal of plaintiff's action.

Furthermore, the majority's apparent reliance on *Rivera* and *Gordon* for the proposition that the defect in plaintiff's case is her failure to prove defendant's constructive notice of the "particular condition that caused [her] fall" (namely, the piece of carpet) simply misses the point. First, unlike the present case, the defective condition in *Rivera* was not a daily event. Indeed, as the Court there noted, the condition did not exist the night before the accident. Moreover, even after *Rivera* was decided, this Court has permitted claims of negligence based on recurrent conditions, as long as sufficient evidence has been submit-

ted to raise a triable issue of fact. For example, in *Irizarry v 15 Mosholu Four, LLC* (24 AD3d 373 [2005]), this Court found the plaintiff to have tendered evidence, in the form of her deposition testimony and that of a nonparty witness, that refuse on the subject stairwell was a recurring condition that frequently remained unremedied. The *Irizarry* plaintiff proffered testimony from other tenants who also described the ongoing condition of how garbage would accumulate on the stairs after tenants brought their bags downstairs for disposal. This sufficiently indicated "not only that refuse on the subject stairwell was a recurring condition, but that it frequently remained unremedied" (*id.* at 374).

*Bido v 876-882 Realty, LLC* (41 AD3d 311 [2007]), where the plaintiff slipped and fell on debris in the stairwell of the defendant's building, is also instructive. She testified that accumulated litter from garbage and refuse was a daily problem in the stairwell, as a result of tenants taking their garbage bags downstairs for disposal. The plaintiff alleged that the defendant did not remedy this condition even after she complained about it to the building superintendent. Other nonparty witnesses attested to the poor condition and/or garbage in the stairwell of the building. Citing, among others, *Uhlich v Canada Dry Bottling Co. of N.Y.* (305 AD2d 107 [2003]), a pre-*Rivera* case, we held that the depositions of the plaintiff and nonparty witnesses raised issues of fact as to whether the accumulation of refuse in this stairwell was a dangerous and frequently unremedied recurring condition that caused this injury.

In *Uhlich*, the plaintiff tripped and fell at the loading-dock area of a warehouse leased by defendant. The plaintiff offered evidence that he had previously observed garbage, debris, potholes and other hazardous conditions in the parking lot and general area he traversed, and that he had complained about these conditions on a number of occasions prior to his fall. We upheld the denial of the defendant's summary judgment motion regarding notice and the issue of a recurring condition. Here, like the facts in *Uhlich*, there was testimony from both plaintiff and the caretaker that the area where plaintiff fell was frequently littered with garbage and other debris. And while plaintiff (a nonresident of the building) did not complain to defendant about the condition, the caretaker (the defendant's own employee) did.

Nor does *Gordon* dictate a different result. There, the plaintiff fell on the defendant's museum steps allegedly due to a piece of wax paper. The case was submitted to the jury on the theory of the defendant's constructive or actual notice of the condition

created by the wax paper on the steps. The Court of Appeals held that a defect must be visible and apparent, and must exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it. Here, the dangerous condition is the garbage strewn around the "dump site." Plaintiff is only required to establish defendant's actual or constructive knowledge of the dangerous "dump site," because it was a recurring event and not a transient one. Viewing the facts in the light most favorable to plaintiff, she has clearly satisfied this requirement and should not be denied her day in court.