■ RHONDA BROOKS-TORRENCE, Appellant, v TWIN PARKS SOUTHWEST, Respondent. [21 NYS3d 34]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about June 6, 2014, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she was descending a staircase in a building owned by defendant when she slipped and fell on urine that was dripping off of the stairwell's handrails. Plaintiff testified that she did not see urine on the step before she fell, but that she saw a puddle of urine on the landing area and the step after she returned to the accident location about 20 minutes after the accident.

Defendant made a prima facie showing that it neither created the urine condition, nor had actual or constructive notice of its existence (see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; see also Pfeuffer v New York City Hous. Auth., 93 AD3d 470, 471 [1st Dept 2012]). Defendant showed that it lacked actual notice of the condition by submitting the deposition testimony of a security guard who was stationed at the building at the time of the accident; she testified that she did not recall receiving a complaint about the staircase on the day of the accident before the incident occurred. Defendant showed that it lacked constructive notice of the urine on the staircase, by submitting plaintiff's deposition testimony, which shows that the urine that caused her to fall "could have been deposited there only minutes or seconds before the accident[,] and any other conclusion would be pure speculation" (DeJesus v New York City Hous. Auth., 53 AD3d 410, 411 [1st Dept 2008] [internal quotation marks omitted], affd 11 NY3d 889 [2008]).

In opposition, plaintiff failed to raise a triable issue of fact. Concur—Gonzalez, P.J., Tom, Mazzarelli and Manzanet-Daniels, JJ.