Derix v Port Auth. of N.Y. & N.J. (2018 NY Slip Op 04507)





Derix v Port Auth. of N.Y. & N.J.


2018 NY Slip Op 04507


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


6905 158601/14

[*1]Wilhelm Derix, Plaintiff-Respondent,
v
The Port Authority of New York & New Jersey, et al., Defendants, AlliedBarton Security Services LLC, Defendant-Appellant.


Wood Smith Henning & Berman LLP, New York (Kevin T. Fitzpatrick of counsel), for appellant.
Berkowitz & Weitz, P.C., New York (Andrew D. Weitz of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered September 11, 2017, which granted plaintiff's motion for summary judgment as to liability on his negligence claim as against defendant AlliedBarton Security Services LLC, unanimously affirmed, without costs.
Plaintiff established prima facie that defendant created or had notice of the dangerous condition on which he tripped and fell through his own testimony, the testimony of an employee eyewitness and a nonparty eyewitness, and defendant's own internal reports and incident reviews showing that plaintiff tripped and fell on a yellow plastic chain lying on the ground that defendant controlled but had left unattended (see Uhlich v Canada Dry Bottling Co. of N.Y., 305 AD2d 107 [1st Dept 2003]).
In opposition, defendant failed to raise a triable issue of fact. As the motion court found, defendant's argument that plaintiff was unable to identify the cause of his fall is unsupported by the record. The motion court also correctly rejected as speculative defendant's argument that black ice may have contributed to the accident. Moreover, plaintiff was not required to demonstrate his own freedom from comparative negligence to be entitled to summary judgment as to defendant's liability (see Rodriguez v City of New York, ___ NY3d ___, 2018 NY Slip Op 02287 [2018]). For this reason, we also reject defendant's argument that the chain on which plaintiff tripped was open and obvious, since that issue too is relevant to comparative fault and does not preclude summary resolution of the issue of defendant's liability (see Westbrook v WR Activities-
Cabrera Mkts., 5 AD3d 69, 72-74 [1st Dept 2004]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK