Monzac v 1141 Elder Towers LLC (2020 NY Slip Op 01243)





Monzac v 1141 Elder Towers LLC


2020 NY Slip Op 01243


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11064 307395/13

[*1] Fernando E. Monzac, Plaintiff-Appellant,
v
1141 Elder Towers LLC, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Christopher J. Soverow of counsel), for appellant.
Tara C. Fappiano, Tuckahoe (Tara C. Fappiano of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about August 1, 2018, which granted defendant's motion for a directed verdict, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for a new trial.
Plaintiff's trial evidence established prima facie that defendant had constructive notice of the water on the floor of the lobby of its building on which plaintiff allegedly slipped and fell (see Irizarry v 15 Mosholu Four, LLC, 24 AD3d 373 [1st Dept 2005]). Plaintiff testified that at least four times before his accident, every few months, he observed water leaking from the ceiling onto the floor below in the area where he fell. His former girlfriend, with whom he lived in the building, testified that before the date of the accident "there were leaks and then afterward it was leaking again." This testimony established that "an ongoing and recurrent dangerous condition existed in the area of the accident that was routinely left unaddressed by the landlord" (id. at 373; see Talavera v New York City Tr. Auth., 41 AD3d 135, 136 [1st Dept 2007]). Issues of credibility were for the jury.
The trial court improvidently exercised its discretion in precluding the testimony of Henry Soto, defendant's building superintendent at the time of the accident, on the ground that it was prejudicial to defendant. Defendant could not have been prejudiced or surprised by plaintiff's disclosure of Soto as a witness on the eve of trial, since Soto was defendant's employee at the time of the accident (see Sadler v Brown, 108 AD2d 739 [2d Dept 1985]; O'Callaghan v Walsh, 211 AD2d 531 [1st Dept 1995]; Wintermute v Vandemark Chem., Inc., 134 AD3d 1482, 1483 [4th Dept 2015], lv dismissed 30 NY3d 1041 [2017]).
We find the remaining contentions unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK