Louallen v New York City Hous. Auth. (2020 NY Slip Op 02868)





Louallen v New York City Hous. Auth.


2020 NY Slip Op 02868


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


11504 151342/16

[*1] Harold Louallen, Plaintiff-Respondent,
v
The New York City Housing Authority, Defendant-Appellant, The City of New York, Defendant.


Herzfeld & Rubin, P.C., New York (Sharyn Rootenberg of counsel), for appellant.
Friedman Sanchez, LLP, Brooklyn (Fabien Robley of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 10, 2019, which denied the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
NYCHA failed to establish prima facie entitlement to summary judgment in this action where plaintiff was injured when a tree branch fell and struck him while he was on NYCHA's premises. NYCHA failed to show that it had no actual or constructive notice of the defective condition of the tree that injured plaintiff (see generally Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; compare Pagan v Jordan, 163 AD3d 978 [2d Dept 2018]). Rather, the evidence suggests that NYCHA had notice of a recurring condition of falling branches near where plaintiff's accident occurred, had enough time to inspect and remedy the condition before plaintiff's accident, and failed to take such action (see Irizarry v 15 Mosholu Four, LLC, 24 AD3d 373 [1st Dept 2005]). The conclusion of NYCHA's tree expert, based on examination nearly three years after the accident, that the trees on the subject premises were healthy does not eliminate all triable issues of fact, since NYCHA's groundskeeper's logbook and plaintiff's testimony conflict directly with this conclusion. Furthermore, even if the trees appeared healthy, the evidence of repeatedly falling branches serves as some "other basis for inferring that defendant should have realized that a potentially dangerous condition existed" (Clarke v New York City Hous. Auth., 282 AD2d 202, 203 [1st Dept 2001]).
We have considered NYCHA's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK