| |
|---|
| **Devlinhair Prods., Inc. v Pinder** |
| 2026 NY Slip Op 30906(U) |
| March 12, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 652098/2020 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 42M

------------------------------------------------------------------------X

DEVLINHAIR PRODUCTIONS, INC.

|  | INDEX NO. | 652098/2020 |
|---|---|---|

Plaintiff,

|  | MOTION DATE | 03/05/2026 |
|---|---|---|

- v -

KATHARYN PINDER,

|  | MOTION SEQ. NO. | 006 |
|---|---|---|

Defendant.

**DECISION + ORDER ON
MOTION IN LIMINE**

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 280, 281, 282, 283, 284, 285, 286, 287, 291, 292, 293, 294, 295, 296

were read on this motion to/for                          PRECLUDE                          .

APPEARANCES:

      Guzov LLC, New York, NY (Anne W. Salisbury, Esq., of counsel), for plaintiff.

      Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., New York, NY (John Corbin Carter, Esq. of counsel), for defendant.

HON. EMILY MORALES-MINERVA, J.S.C.

      At the pre-trial conference, held on November 24, 2025, plaintiff disclosed its intention to call seven to ten witnesses, and defendant disclosed her intention to call two to four witnesses. However, neither party identified those witnesses, and during oral arguments on a pending motion in limine on February 26, 2026, the Court ordered "the parties [to] disclose their witness lists to each other and to the Court by [] February 26, 2026 at 5:00 P.M." (see New York State Court

[* 1]

Electronic Filing System [NYSCEF] Doc. No. 279, order – non-motion, dated February 26, 2026).  The parties exchanged witness lists in accordance with this directive, and, therein, plaintiff noted its intention to call two unnamed, previously undisclosed witnesses, identified only as "a witness from Novartis Pharmaceutical Corporation" and "a witness from AMGEN" (see NYSCEF Doc. No. 278, witness list).  Now, defendant seeks to preclude these two unnamed witnesses from testifying at trial, which is scheduled to commence on March 16, 2026.

The CPLR directs that there shall be "full disclosure of all evidence material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]).  Compliance with said disclosure obligations is aimed at preventing gamesmanship, prejudice, and unfair surprise at trial (see Eros International PLC v Mangrove Partners, 191 AD3d 464 [1st Dept 2021]; see also Monzac v 1141 Elder Towers LLC, 180 AD3d 547 [1st Dept 2020]; Hunter v Tryzbinski, 278 AD3d 844 [4th Dept 2000]).

Upon consideration of the arguments and applicable law, the Court exercises its discretion to grant defendant's request to preclude plaintiff's two unnamed witnesses from testifying at trial.  Although this action has been pending for approximately six years, plaintiff has failed to identify either witness by name, title, or the like (see NYSCEF Doc. No. 278, witness list,

652098/2020  DEVLINHAIR PRODUCTIONS, INC. vs. PINDER, KATHARYN          Page 2 of 4
Motion No. 006

2 of 4

and Doc. No. 296, plaintiff's affirmation in opposition to motion to preclude).

Indeed, plaintiff acknowledges -- despite trial being scheduled to commence on Monday, March 16, 2026 -- that it has yet to determine the identities of these witnesses or issue trial subpoenas (see id. at p 3 ["these trial subpoenas have not yet been issued, as (plaintiff) has been attempting to identify proper witnesses]). Nor does plaintiff offer any explanation as to why, on the eve of trial, the identities of these witnesses remain unknown, or document any efforts undertaken during the course of this six-year litigation to identify them[1](see Gerasimowicz v Delis, 231 AD3d 536 [1st Dept 2024] [preclusion of plaintiff's trial witness upheld where, in addition to a lack of diligence, "plaintiff did not provide a reasonable explanation for his failure to disclose [the] witnesses earlier in this 10-year-old litigation"].

In view of plaintiff's failure to exercise due diligence in procuring and identifying the two witnesses to testify at trial, and the resulting prejudice to defendant on the eve of trial, preclusion of those witnesses is warranted (see Rosa v New York City Transit Authority, 55 AD3d 344, 345 [1st Dept 2008]

---

[1] Plaintiff simply notes that "[a]s the non-party [witnesses] are, naturally, not under [plaintiff's] control, [plaintiff] is not in a position to identify the specific individual(s) by name" (NYSCEF Doc. No. 296, affirmation in opposition, p 4).

**652098/2020 DEVLINHAIR PRODUCTIONS, INC. vs. PINDER, KATHARYN**   Page 3 of 4
**Motion No. 006**

[* 3]

[holding that "in view of the [defendant's] failure to act diligently to procure its proposed witnesses [] the trial court's preclusion of the [defendant] from calling such witnesses did not rise to the level of an abuse of discretion"]; see also Mayorga v Jocarl & Ron Co., 41 AD3d 132, 134 [1st Dept 2007] [preclusion of plaintiff's trial witness upheld due to plaintiff's lack of due diligence]).

Accordingly, it is hereby

ORDERED that defendant's motion (seq. no. 06) is granted entirely; and it is further

ORDERED that the Clerk of Court shall mark the file accordingly.

| 3/12/2026 | | | Emily Morales-Minerva signature | |
|-----------|--|--|--------------------------------|--|
| **DATE** | | | **EMILY MORALES-MINERVA, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|----------------------|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652098/2020 DEVLINHAIR PRODUCTIONS, INC. vs. PINDER, KATHARYN**
Motion No. 006

**Page 4 of 4**

4 of 4