■ EVELYN VAZQUETELLES, Respondent, v EDWARD S. GORDON CO., INC., et al., Appellants, and MADISON CLEANING SYSTEMS CORPORATION, Respondent. [595 NYS2d 480] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered February 20, 1992, which, *inter alia,* after jury trial, awarded plaintiff $408,856 in damages, exclusive of interest

and costs, as against defendants-appellants, including $80,000 for future pain and suffering and $152,800 for future loss of earnings, directed a new trial on the issue of future loss of earnings, directed a new trial on the issue of future damages unless defendants-appellants stipulated to damages of $500,000 for future pain and suffering and $300,000 for future loss of earnings, and set aside the verdict and dismissed the complaint and cross-claims as against defendant-respondent, unanimously affirmed, without costs.

The trial court did not err in setting aside the verdict and dismissing the complaint and cross-claims as against defendant-respondent, the cleaning contractor for the premises, who had been so employed for only 32 days prior to the occurrence. There was no evidence other than speculation that it contributed to any hazardous condition with respect to the floor mat under which plaintiff's foot became lodged when she lost her balance due to a defect in the terrazzo floor.

The award of damages, in the increased amount directed by the trial court, was not excessive. We perceive no abuse of discretion in awaiting judgment on the retrial to apply the set off mandated by General Obligations Law § 15-108 (a), here limited to the $50,000 in pre-verdict settlement paid by defendant cleaning corporation. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.