■ ALIDA RODRIGUEZ, Appellant, v FORD MOTOR COMPANY, Respondent, et al., Defendants. [792 NYS2d 468]—

Appeals from orders, Supreme Court, Bronx County (Stanley Green, J.), entered September 15 and November 6, 2003, which respectively granted the motion by defendant Ford Motor Company to exclude certain expert testimony, granted Ford's motion to admit into evidence governmental studies of sudden acceleration, denied plaintiff's motion to exclude reference to 1989 and 2000 reports by the National Highway Traffic Safety Administration (NHTSA), and denied plaintiff's motion to offer evidence of similar occurrences while granting Ford's motion to exclude proof of such incidents, unanimously dismissed, without costs, as taken from nonappealable papers. Appeal from order, same court and Justice, entered September 15, 2003, which granted, in part, Ford's motion to preclude claims that it had defrauded NHTSA, unanimously dismissed, without costs, as abandoned.

The now deceased defendant Nyiri is alleged to have put his car into reverse gear and smashed it into a building, pinning the plaintiff pedestrian against a wall and causing severe injuries. There is strong evidence that Nyiri was intoxicated at the time. Nevertheless, he sought to attribute the mishap to an automobile defect. Plaintiff subsequently made Ford Motor Company, the designer and manufacturer of the vehicle, the principal defendant in this lawsuit. It is plaintiff's position that the automobile accelerated due to a malfunction in its electronic throttle control system.

At the start of trial but prior to jury selection, both sides made a number of motions for rulings on evidentiary matters. Ford moved to exclude the testimony of plaintiff's proposed expert on the ground that his purported transient signal theory

had no basis in scientific fact. Following a *Frye* hearing (*see Frye v United States*, 293 F 1013 [DC Cir 1923]), the court granted Ford's motion to exclude plaintiff's expert testimony. Ford also successfully moved to bar plaintiff from introducing proof of allegedly similar incidents of sudden acceleration, and to admit various reports by governmental agencies, both here and abroad. Dissatisfied with these in limine rulings, plaintiff chose to abort the trial and pursue this consolidated appeal. However, an evidentiary ruling made before trial is generally reviewable only in connection with an appeal from the judgment rendered after trial (*see Weatherbee Constr. Corp. v Miele*, 270 AD2d 182 [2000]). Thus, the orders granting Ford's motion to admit into evidence various governmental reports relating to sudden acceleration, and to exclude the proposed expert testimony and proof of purported similar occurrences, are nonappealable. Contrary to plaintiff's argument, this appeal does not fall within the exception to the rule (*see Matter of City of New York v Mobil Oil Corp.*, 12 AD3d 77 [2004]) because the orders being challenged do not limit the legal theory of the liability case.

Were we to reach these issues on the merits, we would find no error. In that regard, the trial court properly barred plaintiff's proposed expert witness since it is well settled that the admissibility and bounds of expert testimony rest primarily within the sound discretion of the trial court (*see Price v New York City Hous. Auth.*, 92 NY2d 553, 558 [1998]). An expert should generally be permitted to offer an opinion on a matter involving professional or scientific knowledge not within the range of ordinary training or intelligence, but in order for a particular scientific principle—or a particularly novel theory—to be considered sufficiently reliable to serve as the basis for an expert's opinion, it must first be shown to have general acceptance in the relevant field (*see People v Lee*, 96 NY2d 157, 162 [2001]; *People v Wesley*, 83 NY2d 417, 422-423 [1994]). Prior to granting Ford's request to exclude plaintiff's expert from testifying about his transient signal theory, the court conducted a lengthy hearing on the proposed evidence, where it was clearly revealed that the theory propounded had never been examined by the witness's engineering peers, much less widely accepted in the scientific community. Thus, the exclusion of such expert testimony was not an improvident exercise of discretion. The court also appropriately rejected plaintiff's alleged proof of similar prior incidents in the absence of a showing that "the relevant conditions of the subject accident and the previous one were substantially the same" (*Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]; *see also Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 336 [1986]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Marlow and Sullivan, JJ.