■ DIANE SCOPE, Respondent, v FEDERATED DEPARTMENT STORES, INC., et al., Defendants, and MAINCO ELEVATOR & ELECTRICAL CORP. et al., Appellants. [809 NYS2d 46]—

Appeal from order, Supreme Court, New York County (Walter B. Tolub, J.), entered April 12, 2005, which, in an action for personal injuries allegedly caused by a malfunctioning escalator owned by defendant department store and maintained by defendant-appellant contractor, insofar as appealed from as limited by the briefs, denied the contractor's motion for summary judgment dismissing the complaint as against it, unanimously dismissed, without costs.

The motion court denied the contractor's motion for two reasons: first, that plaintiff's expert's affidavit raises issues of fact as to whether the escalator was negligently maintained; and second, that "it appears that the doctrine of res ipsa loquitur applies to this incident." The contractor appealed; plaintiff and the contractor then entered into a stipulation limiting the appeal to the res ipsa loquitur issue; and plaintiff thereafter moved to dismiss the appeal as seeking an advisory opinion. We denied plaintiff's motion to dismiss without prejudice to renewal at the time of argument. We now dismiss the appeal.

While parties are free to chart their own procedural course, and may stipulate to limit issues on appeal, they cannot compel the Court to render an advisory opinion. Since the case will go to trial on a general negligence theory even if this Court were to reverse the motion court and rule that res ipsa loquitur does not apply, the question of whether it applies is not critical to the resolution of the action (cf. Wall St. Assoc. v Brodsky, 295 AD2d 262-263 [2002]). Aside from the motion court's use of the word "appears," suggesting that its decision is tentative, res ipsa loquitur is not a theory of recovery but an evidentiary doctrine compatible with specific evidence of fault (see States v Lourdes Hosp., 100 NY2d 208, 211, 213-214 [2003]; Abbott v Page Airways, 23 NY2d 502, 512 [1969]). An evidentiary ruling made before trial is generally reviewable only in connection with an appeal from the judgment rendered after trial (see Rodriguez v

*Ford Motor Co.*, 17 AD3d 159, 160 [2005], distinguishing *Matter of City of New York v Mobil Oil Corp.*, 12 AD3d 77, 80-81 [2004]).

The motion court's order determined only that there were issues of fact pertinent to the applicability of res ipsa loquitur sufficient to require denial of summary judgment in favor of the contractor. Based on the facts adduced at trial, which may differ from those adduced on the motion, the trial court is free to determine whether the shaking of an escalator is the kind of event that would not ordinarily occur in the absence of negligence, and any other issues pertinent to the applicability of res ipsa loquitur. Accordingly, the appeal should be dismissed as seeking an advisory opinion on a noncritical evidentiary question. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and McGuire, JJ.