■ CARMEN ROSA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and JEAN PIERRE FRITO et al., Respondents. [866 NYS2d 19]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 17, 2007, which, to the extent appealed from as limited by the brief, apportioned 40% liability for plaintiff's injuries to defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (the Transit Authority) and awarded plaintiff $650,000 for past pain and suffering, unanimously modified, on the law and the facts, to reduce the award to $610,000 pursuant to General Obligations Law § 15-108 (a) and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly.

Since the testimony of the driver of the car and the driver of the bus owned by defendant Bravo Bus Service was uncontroverted that the car struck first plaintiff, who was standing on the sidewalk, and then Bravo's bus, which was further down the road, the court did not err in not including Bravo on the verdict sheet (*see Koechlin v Weintraub*, 27 AD3d 219 [2006]). Further, counsel for the Transit Authority told the jury in summation that the evidence showed that Bravo's bus was parked properly (*see Gale P. Elston, P.C. v Dubois*, 18 AD3d 301, 303 [2005]).

In view of the Transit Authority's failure to act diligently to procure its proposed witnesses to testify about its efforts to identify the bus driver involved in the accident, the trial court's preclusion of the Transit Authority from calling such witnesses did not rise to the level of an abuse of discretion (*see Mayorga v Jocarl & Ron Co.*, 41 AD3d 132, 134 [2007], *appeal dismissed* 9 NY3d 996 [2007]; *Paek v City of New York*, 28 AD3d 207, 208 [2006], *lv denied* 8 NY3d 805 [2007]; *Shmueli v Corcoran Group*, 29 AD3d 309 [2006]).

The award of $650,000 for past pain and suffering does not deviate materially from what is reasonable compensation under the circumstances (*see* CPLR 5501 [c]). Plaintiff suffered five fractured bones, was hospitalized for approximately three months, and complained of pain from the 1997 accident through the 2006 trial.

The parties to the appeal have stipulated to the reduction of the award to reflect the settlement by Bravo of the action against it in the amount of $40,000, a setoff mandated by General Obligations Law § 15-108 (a) (*see Vazquetelles v Gordon Co.*, 192 AD2d 322 [1993], *lv dismissed* 81 NY2d 1067 [1993]). Concur—Tom, J.P., Friedman, Buckley, Acosta and Freedman, JJ.