BRUNILDA SANCHEZ, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [926 NYS2d 52]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered April 30, 2010, which, in an action for personal injuries sustained when plaintiff's left foot and calf fell into a gap between the subway car she was exiting and the platform, denied defendant New York City Transit Authority's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Defendant failed to meet its burden of demonstrating its entitlement to qualified immunity since it submitted only its own memorandum stating that the maximum permissible horizontal gap between a subway train and straight platform is six inches without citing any basis for this standard. Defendant presented no evidence that "a public planning body considered and passed upon the same question of risk" that would go to a jury (*Jackson v New York City Tr. Auth.*, 30 AD3d 289, 290 [2006]).

Defendant also failed to establish its entitlement to judgment as a matter of law. Plaintiff's visual estimate of the gap as between seven and nine inches, as well as her testimony that her foot and calf fit through the gap, raise triable issues as to whether the gap was dangerous even under defendant's six-inch maximum standard (*see Pemberton v New York City Tr. Auth.*, 304 AD2d 340 [2003]). Defendant's measurements of the gap were taken remotely in time from the accident, and even contemporaneous measurements taken by defendant would raise a question of fact by conflicting with plaintiff's estimate (*id.*). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Abdus-Salaam, JJ.