■ FRANTZ J. LEON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [947 NYS2d 33]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered December 3, 2009, which granted defendant New York City Transit Authority's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court (Michael D. Stallman, J.), entered February 17, 2011, which denied plaintiff's motion to renew and reargue, unanimously dismissed, without costs.

Plaintiff alleges he was injured when he fell into a gap between the platform and a subway car at the Union Square station in Manhattan. Specifically, he testified that when he attempted to board the subway car, his left leg fell, up to his buttocks, into the gap of eight or nine inches between the platform and the car. Plaintiff suffered, among other injuries, a torn meniscus. In support of its motion to dismiss, the Transit Authority (TA) asserted that case law has established that, due to the swaying of trains as they move, some gap between the train and the platform is necessary to avoid having the car strike the platform, that, through the application of a mathematical formula, it calculated that the maximum permissible gap at the curved section of the track where plaintiff's accident occurred was 9.2 inches, and that the gap in question did not exceed 9.2 inches. The TA argued that compliance with its internal gap policy entitles it to qualified immunity.

To establish its entitlement to qualified immunity, a governmental body must show that "a public planning body considered and passed upon the same question of risk as would go to a jury in the case at issue" (*Jackson v New York City Tr. Auth.*, 30

AD3d 289, 290 [2006]). A *mere informal review or internal policy will not suffice.* The defendant must demonstrate that a "study, inquiry or investigation" into that question was conducted and reached the determination now relied upon (*id.*). The TA submitted several documents that refer to the six-inch-gap standard for straight tracks, including a 1987 memorandum that states that the gap between the platform and straight track must not exceed six inches, and an affidavit by the TA engineer who calculated the 9.2-inch-gap standard for curved tracks. All these documents address the risk that trains will scrape against the platform as they travel along the track. None of the documents, however, address "the same question of risk" that is at issue in this case, i.e., the risk that a passenger will fall into the gap between platform and track.

This Court, on two occasions, has already found that the 1987 memorandum does not constitute a study for purposes of the qualified immunity doctrine because it does not cite any basis for the six-inch standard (*Sanchez v City of New York*, 85 AD3d 580 [2011]; *see Tzilianos v New York City Tr. Auth.*, 91 AD3d 435 [2012]). Indeed, the TA concedes that the 1987 memorandum "was not a study, did not purport to be a study, and contained no reference to any study." And yet, it submitted the 1987 memorandum and two Memoranda of Understandings detailing clearance requirements, dated 2001 and 2002, that *merely incorporate* the six-inch standard set forth in the 1987 memorandum. This is insufficient to demonstrate the TA's entitlement to qualified immunity.

We dismiss the appeal from the February 17, 2011 order since no appeal lies from the denial of reargument, and the appeal is otherwise academic in light of our reversal of the prior order. Concur—Andrias, J.P., Saxe, Acosta, Freedman and Richter, JJ.
**[Prior Case History: 2009 NY Slip Op 32576(U).]**