Daniels v New York City Tr. Auth. (2019 NY Slip Op 03000)





Daniels v New York City Tr. Auth.


2019 NY Slip Op 03000


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


9067 151542/13

[*1]Cheryl H. Daniels, Plaintiff-Respondent,
v
New York City Transit Authority, Defendant-Appellant.


Lawrence Heisler, Brooklyn (Harriet Wong of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered July 27, 2017, which, upon a jury verdict, awarded damages in favor of plaintiff and against defendant New York City Transit Authority (NYCTA), unanimously affirmed, without costs.
Plaintiff established a prima facie case of negligence by presenting evidence that the gap between the train doors and the platform edge was a dangerous condition, that did not comply with industry safety standards, and was a proximate cause of her injuries, which occurred when her leg slipped into the gap while she was exiting a crowded subway car. NYCTA's compliance with its own standard of six inches as the maximum permissible gap was not conclusive on the issue of liability (Tzilianos v New York City Tr. Auth., 91 AD3d 435 [1st Dept 2012]; Sanchez v City of New York, 85 AD3d 580 [1st Dept 2011]).
Contrary to defendant's argument, plaintiff's expert's testimony regarding gap standards promulgated by the American Public Transit Association (APTA) and the Public Transportation Safety Board (PTSB) did not misleadingly establish industry standards that were non-mandatory guidelines. While mere non-mandatory guidelines and recommendations are insufficient to establish a standard of care, an expert's testimony regarding "generally accepted" standards, which are promulgated by an association such as APTA and the PTSB, and generally accepted in the relevant community at the relevant time, constitutes some evidence of negligence and may establish a standard of care (Hotaling v City of New York, 55 AD3d 396 [1st Dept 2008], affd 12 NY3d 862 [2009]; see Sussman v MK LCP Rye LLC, 164 AD3d 1139 [1st Dept 2018]; see also Rondin v Victoria's Secret Stores, LLC, 116 AD3d 555 [1st Dept 2014]). Moreover, the expert noted in his testimony that the standards were voluntary and did not suit all transit systems. His testimony merely served to help the jury determine whether NYCTA's own policy of a six-inch gap was reasonable, in light of the evidence (Tzilianos, 91 AD3d at 436).
The trial court did not err in admitting evidence of gap accidents at other stations or precluding NYCTA's witnesses from testifying. Plaintiff demonstrated that the relevant conditions of the subject accident and the previous ones were substantially the same, though they occurred at other stations (see Rodriguez v Ford Motor Co., 17 AD3d 159, 160 [1st Dept 2005]), and the probative value of the gap accident statistics outweighed any prejudice to NYCTA (Barry v Manglass, 55 AD2d 1, 10 [2d Dept 1976]). The trial court did not improvidently exercise its discretion in precluding NYCTA's witnesses, first disclosed on the eve of trial, from testifying in light of NYCTA's lack of diligence and failure to provide a reasonable explanation for its failure to disclose two of the witnesses earlier in response to discovery demands (see Rosa v New York City Tr. Auth., 55 AD3d 344, 345 [1st Dept 2008]; Shmueli v Corcoran Group, 29 AD3d 309 [1st Dept 2006]).
Finally, the jury verdict finding that plaintiff was not comparatively negligent is not against the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]) in [*2]light of plaintiff's testimony concerning the crowd exiting the train that prevented her from seeing and avoiding the gap.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK