■ SHULI PESO, Respondent-Appellant, v AMERICAN LEISURE FACILITIES MANAGEMENT CORP. et al., Appellants-Respondents. [716 NYS2d 13] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about October 6, 1999, which, in an action for personal injuries sustained in a fall off of a treadmill at defendants' gym, denied defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion to amend her complaint, unanimously modified, on the law, to grant defendants' motion for summary judgment, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of the defendants dismissing the complaint.

Plaintiff alleges that she fell because of a "sticky substance" that she felt on the belt of the treadmill. Assuming the existence of such substance, its dangerousness and its causal relationship to plaintiff's fall, plaintiff, in order to establish a prima

facie case of negligence, must also show that defendant either created the condition or had actual or constructive knowledge of it (*see, Segretti v Shorenstein Co., E.*, 256 AD2d 234, 235). This plaintiff fails to do. Her claim that the stickiness came from the solution that defendants used to clean the treadmill is pure speculation (*see, id.*). Nor is a triable issue of notice raised by plaintiff's assertion that defendants had received a prior complaint about the stickiness of this treadmill. Putting aside the hearsay nature of this assertion, such tends to show only that defendants had a general awareness that at times the treadmill became sticky, not that they routinely left an ongoing and recurring condition unaddressed (*see, id.*). Denial of plaintiff's cross motion to amend her complaint was an appropriate exercise of discretion under the present circumstances where the alternative theory of negligence proffered by plaintiff was based on facts that would contradict her original theory. Concur—Nardelli, J. P., Tom, Wallach, Andrias and Saxe, JJ.