■ SHEILA LOVE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [919 NYS2d 149]—

Defendant established its prima facie entitlement to judgment as a matter of law by establishing that it did not have notice of the condition that allegedly caused plaintiff to fall. Defendant's caretaker testified that she followed the janitorial schedule pursuant to which she would have swept all the staircases in the morning, mopped the stairs any time she encountered a wet condition and informed the supervisor of any complaints she would receive.

Plaintiff's opposition does not raise a triable issue of fact. The evidence fails to demonstrate a specific recurring dangerous condition routinely left unaddressed by defendant, as opposed to a mere "general awareness" of such a condition, for which defendant is not liable (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Rodriguez v 520 Audubon Assoc.*, 71 AD3d 417 [2010]). Plaintiff's assertion that defendant should have been required to patrol its staircases 24 hours a day is unavailing (*see Berger v ISK Manhattan, Inc.*, 10 AD3d 510, 512-513 [2004]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.