■ SHAWN TORRES, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [924 NYS2d 782]—

Order, Supreme Court, New York County (Louis B. York, J.), entered December 29, 2010, which, in an action for personal injuries allegedly sustained when plaintiff slipped on a substance as he descended a stairway in defendant's building and fell, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant established its entitlement to judgment as a matter of law. Defendant demonstrated that it neither created nor had actual or constructive notice of the allegedly defective condition. The building's supervisor of caretakers stated that the janitorial schedule for the building included that the subject stairs be cleaned in the hour before plaintiff fell (see Love v New York City Hous. Auth., 82 AD3d 588 [2011]; Raghu v New York City Hous. Auth., 72 AD3d 480, 481-482 [2010]).

Plaintiff's opposition failed to raise a triable issue of fact. Evidence of a general awareness of debris and spills in the stairway

does not require a finding that defendant is deemed to have notice of the condition that caused plaintiff to fall (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *DeJesus v New York City Hous. Auth.*, 53 AD3d 410, 411 [2008]). Concur—Gonzalez, P.J., Tom, Friedman, Catterson and Richter, JJ.