■ WILLIAM PFEUFFER, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [940 NYS2d 566]—

Order, Supreme Court, Bronx County (Mitchell J. Danzinger, J.), entered March 14, 2011, which, in this personal injury action resulting from a slip and fall on a staircase in defendant's building, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff, a New York City police officer, claims that he sustained a torn Achilles tendon after slipping on a staircase in the Highbridge Garden Houses in the Bronx at 1:00 P.M. on February 8, 2007. Highbridge is owned by defendant New York City

Housing Authority (NYCHA). By summons and verified complaint dated December 24, 2007, plaintiff commenced this action alleging that NYCHA was negligent in permitting the stairway to remain "in a dangerous, defective, slippery, wet, dirty, debris filled, improper and unlawful condition." Plaintiff also asserts that NYCHA violated General Municipal Law § 205-e; Administrative Code of City of New York §§ 27-127, 27-128 and 27-375; and Multiple Dwelling Law §§ 52 and 78.

At the General Municipal Law § 50-h hearing, plaintiff testified that when he was walking down the stairs, at around the fifth step from the bottom between the sixth and seventh floors, he slipped on a wet substance that he believed was urine. Plaintiff noted that the building, a known drug location, was generally "dirty" with empty marijuana bags, glassine envelopes, and cigar wrappers on the floors. Two other officers who witnessed the accident corroborated plaintiff's account and testified that the building was frequently dirty, with debris and urine in the hallways and stairs. One of the officers testified that when they notified the groundskeeper of debris, he would eventually "get around to" cleaning it up.

Both the NYCHA superintendent, who was responsible for overseeing the maintenance and janitorial staff, and the caretaker who was responsible for cleaning the common areas on the day of plaintiff's accident testified to the cleaning schedule of the buildings. NYCHA moved for summary judgment on July 8, 2010, and the motion was denied. Relying on testimony that debris on the stairs was a recurring condition in the building, the motion court found that the record presented a question of fact regarding the condition of the stairs on the day of the accident. For the reasons set forth below, we reverse.

"A defendant who moves for summary judgment in a slip-and-fall action has the initial burden of making a prima facie demonstration that it neither created the hazardous condition, nor had actual or constructive notice of its existence" (*Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp.*, 79 AD3d 518, 519 [2010] [internal quotation marks omitted]). Here, NYCHA demonstrated that it did not create or have actual notice of the wet spot on the stairs. The superintendent and caretaker testified that they were unaware of any complaints from tenants of the building concerning garbage or other debris in the stairwells or the condition of the steps between the seventh and sixth stories.

Moreover, plaintiff fails to raise a triable issue of fact as to NYCHA's constructive notice. A defendant may be charged with constructive notice when a dangerous condition is "ongoing . . .

[and] routinely left unaddressed" (*Uhlich v Canada Dry Bottling Co. of N.Y.*, 305 AD2d 107, 107 [2003] [internal quotation marks omitted]). Plaintiff's argument that NYCHA had constructive notice because the accumulation of debris and liquids in the stairwell was a routinely ignored, recurring condition is simply not supported by the record. To the contrary, NYCHA presented evidence that the building was cleaned daily and that the stairwell where plaintiff fell was cleaned shortly before he fell.

The NYCHA superintendent testified that the caretaker was required to inspect the building each morning by walking through every area of the building from "top to bottom." The caretaker was directed to immediately clean up any debris, including daily "spot mopping" of liquids or other substances, found in the common areas and stairways. The daily maintenance schedule indicated that the caretaker was required to "sweep down" the building and stairwells, and "check for hazardous conditions" between 10:00 A.M. and 11:30 A.M. The caretakers' logbook from the date of the accident does not indicate that a hazardous condition existed in any stairwells on the morning of plaintiff's accident.

The NYCHA caretaker submitted an affidavit stating that each morning, he walked down all of the staircases in the building to remove garbage and debris prior to reporting to his supervisor. He further stated that later in the morning, he swept and mopped the halls and stairs beginning with the 13th floor and working his way down the stairs. He confirmed that he completed his cleaning of the " 'B' stairs between the 7th and 6th floors" shortly before his lunch break at 12:00 P.M. each day. The caretaker further stated that he conducted a second inspection of the staircases in the afternoon at 3:30 P.M. The caretaker's affidavit together with the testimony of the NYCHA superintendent establish that the stairs were cleaned at approximately the same time every day, within one-to-three hours of plaintiff's fall.

A defendant cannot be expected to "patrol its staircases 24 hours a day" (*Love v New York City Hous. Auth.*, 82 AD3d 588 [2011]). Even if the problem was recurring, the record reflects that NYCHA addressed it by cleaning up garbage and spills daily and inspecting the stairs twice a day thereby establishing that summary judgment should have been granted (*see e.g. Torres v New York City Hous. Auth.*, 85 AD3d 469 [2011] [summary judgment granted to defendant because the janitorial schedule for the building included cleaning the subject stairs an hour before plaintiff fell]; *DeJesus v New York City Hous. Auth.*,

53 AD3d 410 [2008], *affd* 11 NY3d 889 [2008] [summary judgment granted to defendant because caretaker testified that he removed any improperly discarded garbage and cleaned the area twice a day]). As we observed in *DeJesus*, this is not a case where "defendant negligently failed to take any measures to avoid the creation of a dangerous condition" (53 AD3d at 411).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Catterson, Moskowitz, Acosta and Renwick, JJ.