■ JOSE RAPOSO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [942 NYS2d 337]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered September 23, 2011, which, in an action for personal injuries allegedly sustained when plaintiff slipped and fell on a substance as he descended a stairway in defendant's building, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant established its prima facie entitlement to judgment as a matter of law by establishing that it did not have notice of the condition that allegedly caused plaintiff to fall. Defendant's caretaker testified that he followed the janitorial schedule pursuant to which he would have inspected all the staircases in the morning and afternoon, mopped the stairs any time he encountered a wet condition, replaced any light bulbs that were not functioning, and reported the condition to his supervisor (see Torres v New York City Hous. Auth., 85 AD3d 469 [2011]; Love v New York City Hous. Auth., 82 AD3d 588 [2011]; Raghu v New York City Hous. Auth., 72 AD3d 480, 481-482 [2010]).

Plaintiff's opposition does not raise a triable issue of fact. The evidence fails to demonstrate a specific recurring dangerous condition routinely left unaddressed by defendant, as opposed to a mere "general awareness" of such a condition, for which defendant is not liable (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *DeJesus v New York City Hous. Auth.*, 53 AD3d 410, 411 [2008], *affd* 11 NY3d 889 [2008]). Concur—Saxe, J.P., Sweeny, Moskowitz, Renwick and Abdus-Salaam, JJ.