**Eloise Carter**, Appellant, v **New York City Housing Authority**, Respondent. [956 NYS2d 26]—

Defendant made a prima facie showing that it did not create

or have notice of the dangerous condition that allegedly caused plaintiff's injuries (*Pfeuffer v New York City Hous. Auth.*, 93 AD3d 470, 471 [1st Dept 2012]; *Love v New York City Hous. Auth.*, 82 AD3d 588 [1st Dept 2011]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's neighbor's affidavit stating that the accident location "was constantly and frequently littered with garbage, debris, water and other liquids," and plaintiff's deposition testimony that she saw water at the accident location two days before she fell, were insufficient to raise an issue of fact as to constructive notice. Indeed, these statements should not be considered, as they were tailored to avoid the consequences of plaintiff's earlier General Municipal Law § 50-h testimony that she did not see water at the accident location before her accident (*see Smith v Costco Wholesale Corp.*, 50 AD3d 499, 501 [1st Dept 2008]; *Perez v Bronx Park S. Assoc.*, 285 AD2d 402, 404 [1st Dept 2001], *lv denied* 97 NY2d 610 [2002]). Even if the statements are considered, they merely show that defendant had a "general awareness" of a dangerous condition, for which defendant is not liable (*Love*, 82 AD3d at 588). Indeed, there is no evidence that defendant had actual or constructive notice of the specific condition that allegedly caused plaintiff's injuries—namely, a leaking picnic cooler.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.