■ Luz RODRIGUEZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [959 NYS2d 127]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 25, 2012, which, in this personal injury action arising from a slip-and-fall on a wet substance in a stairwell in defendant's building, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant made a prima facie showing of its entitlement to judgment as a matter of law with evidence that it neither created nor had actual or constructive notice of the allegedly hazardous condition (*Smith v Costco Wholesale Corp.*, 50 AD3d 499, 500 [1st Dept 2008]). The caretaker who cleaned the building on the day before the early-morning accident testified that she inspected the subject stairs twice every morning and once every afternoon, and promptly mopped any urine or other spills she found during her inspections. This testimony was corroborated by her supervisor's testimony and the janitorial schedule (*see Love v New York City Hous. Auth.*, 82 AD3d 588 [1st

Dept 2011]). Plaintiff's opposition failed to raise a triable issue of fact. The evidence plaintiff submitted fails to demonstrate a recurring dangerous condition routinely left unremedied by defendant, as opposed to a mere general awareness of such a condition, for which defendant is not liable (*see Raposo v New York City Hous. Auth.*, 94 AD3d 533, 534 [1st Dept 2012]). Defendant is not "required to patrol its staircases 24 hours a day" (*Love*, 82 AD3d at 588). Concur—Gonzalez, P.J., Saxe, Richter and Abdus-Salaam, JJ.