Order, Supreme Court, Bronx County (John A. Barone, J.), entered August 31, 2012, which, in this action arising from plaintiff Raymond Hill’s alleged slip and fall on stairs in a building owned and/or managed by defendants, to the extent appealed from, denied defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants’ submissions raise triable issues of fact as to whether they had constructive notice of a visible and apparent dangerous condition that existed for a sufficient length of time before the accident to permit them to discover and remedy it (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]), and whether they had constructive notice of an ongoing and recurring dangerous condition existing in the area of the accident that they routinely left unaddressed (see Bido v 876-882 Realty, LLC, 41 AD3d 311, 312 [1st Dept 2007]; Irizarry v 15 Mosholu Four, LLC, 24 AD3d 373, 373-374 [1st Dept 2005]). Indeed, defendants’ porter averred that he followed a daily routine in which he inspected and cleaned the hallways and stairwells in the morning, that he would respond to any complaints throughout the day until the end of his shift at 5:00 p.m., and that he did not observe or receive any complaints of urine in the stairwell on the date of the accident. However, *643 plaintiff and two nonparty witnesses testified that urine and other debris were nearly always present in the hallways and stairwells of the building. Further, plaintiff testified that while he did not see the urine before he slipped on it, he smelled it in the stairwell nearly two hours earlier. In addition, a nonparty tenant testified that she saw urine on the steps in the location of plaintiffs fall 15 hours before the accident and again nearly five hours before the accident, at which time the condition of the steps had worsened, as even more urine and other debris were present. She further testified that the porter rarely cleaned and did not adhere to a regular schedule, and that she and other tenants had complained to defendants about the dangerous condition of the stairwell, including a day or two before the accident, to no avail. She and another witness also testified that they had slipped on urine in the stairwell on multiple occasions.
We have considered defendants’ remaining arguments and find them unavailing.
Concur—Tom, J.E, Acosta, Román, Feinman and Clark, JJ.