■ HECTOR GAUTIER, Respondent, v 941 INTERVALE REALTY LLC, Defendant, and EAST 163RD LLC, Appellant. [970 NYS2d 191]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered July 13, 2012, which denied defendant East 163rd LLC's motion for summary judgment dismissing the complaint as against it, affirmed, without costs.

Plaintiff alleges that he slipped and fell on a wet substance that was on the stairway of defendant's apartment building. Defendant moved for summary judgment on the ground that it did not create or have actual or constructive notice of the hazard. In support of the motion, defendant submitted the deposition testimony of its superintendent about the building's regular janitorial schedule. However, it offered no evidence that the schedule was followed on the day of the accident (*see Williams v New York City Hous. Auth.*, 99 AD3d 613 [1st Dept 2012]). Moreover, constructive notice remains an issue in this case because defendant made no showing as to when the stairway was last inspected before plaintiff's accident (*see e.g. Aviles v 2333 1st Corp.*, 66 AD3d 432 [2009]). In *Williams*, we reversed an order granting a property owner's motion for summary judgment holding that because the owner "failed to present competent evidence that [its] janitorial schedule was followed on the day of the accident, it did not show that it lacked constructive notice of the complained-of condition" (*id.* at 613). Defendant's proof that a janitorial schedule merely existed does not suffice for purposes of showing that it was followed. *Love v New York City Hous. Auth.* (82 AD3d 588 [1st Dept 2011]), which the dissent cites, is distinguishable inasmuch as we noted in that case testimony by the Housing Authority's caretaker that "she *followed* the janitorial schedule" (*id.* at 588 [emphasis added]).

Standing alone, proof that a "stairway was routinely cleaned on a daily basis" is not germane to the dispositive issue of lack

of notice of an alleged defective condition (*Rivera v 2160 Realty Co., L.L.C.*, 10 AD3d 503, 505 [1st Dept 2004, Sullivan, J., dissenting], *revd on other grounds* 4 NY3d 837 [2005]).* This proposition is even supported by other cases the dissent cites. For example, it is no coincidence that in *Rodriguez v New York City Hous. Auth.* (102 AD3d 407, 407 [1st Dept 2013]), we based a finding of a lack of constructive notice of a dangerous condition on the testimony of a "caretaker who cleaned the building on the day before the early-morning accident" (*id.*). Accordingly, in *Rodriguez* the Housing Authority made a prima facie showing that a janitorial schedule not only existed but was followed at around the time of the accident. Similarly, in *Pfeuffer v New York City Hous. Auth.* (93 AD3d 470 [2012]), another case the dissent cites, the record included a caretakers' logbook *from the date of the accident*. We noted that the logbook "[did] not indicate that a hazardous condition existed in any stairwells" within, at most, three hours before the accident (*id.* at 470-472). Concur—DeGrasse, Feinman and Clark, JJ.

Andrias, J.P., and Saxe, J., dissent in a memorandum by Andrias, J.P., as follows: Because I believe that defendant established its entitlement to summary judgment, and that plaintiff has not raised a triable issue of fact, I respectfully dissent.

Plaintiff alleges that he slipped and fell on a partially dried and sticky puddle of urine that spanned several steps in the interior stairwell of defendant's building. Plaintiff did not see the urine on the steps before he slipped.

Defendant made a prima facie showing of its entitlement to judgment as a matter of law with evidence that it neither created nor had actual or constructive notice of the allegedly hazardous condition. The building superintendent's deposition testimony, corroborated by a member of defendant LLC, established that the stairs were swept every morning and mopped three times a week, at about 7:00 a.m., in accordance with a regular maintenance schedule, and that there were never any prior accidents on the steps caused by any foreign substance (*see Rodriguez v New York City Hous. Auth.*, 102 AD3d 407 [1st Dept 2013]; *Serrano v Haran Realty Co.*, 234 AD2d 86 [1st Dept

---

* In *Rivera*, the Court of Appeals reversed this Court's order finding no issue of fact as to constructive notice because the plaintiff admitted that the bottle he tripped over was not in the stairwell during the evening before his 5:00 a.m. accident (*id.* at 838). This admission involved the critical question of the condition of the premises within a reasonable time before the accident—a question the moving defendants did not address in this case, *Williams* or *Aviles*.

1996]). The accident occurred at 3:00 a.m. and a landlord cannot be required to work around the clock on the chance that a dangerous condition might be created at any given moment (*see Pfeuffer v New York City Hous. Auth.*, 93 AD3d 470, 472 [1st Dept 2012]; *Love v New York City Hous. Auth.*, 82 AD3d 588, 588 [1st Dept 2011] [a defendant cannot be expected to "patrol its staircases 24 hours a day"]). The two or three instances of a dog urinating on the stairs was insufficient evidence of a recurring condition (*see Guttierez v Lenox Hill Neighborhood House*, 4 AD3d 138 [1st Dept 2004]; *Peso v American Leisure Facilities Mgt. Corp.*, 277 AD2d 48 [1st Dept 2000]), and even if it was, it was not routinely left unaddressed in light of undisputed evidence that the superintendent cleaned the stairs daily and confronted the subtenant who had the offending dog, which was later removed (*see Pfeuffer v New York City Hous. Auth.*, 93 AD3d at 472).

In opposition, plaintiff failed to raise a triable issue of fact as to actual or constructive notice. There is no evidence that the condition had been visible and apparent for long enough to permit defendant to discover and remedy it (*see Wellington v Manmall, LLC*, 70 AD3d 401 [1st Dept 2010]; *compare Hill v Lambert Houses Redevelopment Co.*, 105 AD3d 642 [2013]).

The majority believes that *Love v New York City Hous. Auth.* (82 AD3d 588 [2011]) is inapposite and that defendant failed to make a prima facie showing because defendant offered no evidence that its janitorial schedule was followed on the day of the accident or as to when the stairway was last inspected. However, in *Pfeuffer v New York City Hous. Auth.*, citing *Love*, this Court held that the defendant sustained its prima facie burden where "[t]he NYCHA caretaker submitted an affidavit stating that each morning, he walked down all of the staircases in the building to remove garbage and debris prior to reporting to his supervisor[,] . . . that later in the morning, he swept and mopped the halls and stairs beginning with the 13th floor and working his way down the stairs[,] . . . that he completed his cleaning of the 'B' stairs between the 7th and 6th floors shortly before his lunch break at 12:00 p.m. each day [and] . . . that he conducted a second inspection of the staircases in the afternoon at 3:30 p.m." (at 472 [internal quotation marks omitted]). In *Rodriguez v New York City Hous. Auth.* (102 AD3d 407, 407 [2013]), again citing *Love*, this Court held that defendant made a prima facie showing where the caretaker "testified that she inspected the subject stairs twice every morning and once every afternoon, and promptly mopped any urine or other spills she found during her inspections." In *Torres v New York City Hous.*

*Auth.* (85 AD3d 469 [1st Dept 2011]), this Court held that the defendant established its entitlement to summary judgment where "[t]he building's supervisor of caretakers stated that the janitorial schedule for the building included that the subject stairs be cleaned in the hour before plaintiff fell."

Accordingly, I would reverse the order and grant defendant's motion for summary judgment.