Andrias, J.P., and Saxe, J.
dissent in a memorandum by Andrias, J.E, as follows: Because I believe that defendant established its entitlement to summary judgment, and that plaintiff has not raised a triable issue of fact, I respectfully dissent.
Plaintiff alleges that he slipped and fell on a partially dried and sticky puddle of urine that spanned several steps in the interior stairwell of defendant’s building. Plaintiff did not see the urine on the steps before he slipped.
Defendant made a prima facie showing of its entitlement to judgment as a matter of law with evidence that it neither created nor had actual or constructive notice of the allegedly hazardous condition. The building superintendent’s deposition testimony, corroborated by a member of defendant LLC, established that the stairs were swept every morning and mopped three times a week, at about 7:00 a.m., in accordance with a regular maintenance schedule, and that there were never any prior accidents on the steps caused by any foreign substance (see Rodriguez v New York City Hous. Auth., 102 AD3d 407 [1st Dept 2013]; Serrano v Haran Realty Co., 234 AD2d 86 [1st Dept *483 1996]). The accident occurred at 3:00 a.m. and a landlord cannot be required to work around the clock on the chance that a dangerous condition might be created at any given moment (see Pfeuffer v New York City Hous. Auth., 93 AD3d 470, 472 [1st Dept 2012]; Love v New York City Hous. Auth., 82 AD3d 588, 588 [1st Dept 2011] [a defendant cannot be expected to “patrol its staircases 24 hours a day”]). The two or three instances of a dog urinating on the stairs was insufficient evidence of a recurring condition (see Guttierez v Lenox Hill Neighborhood House, 4 AD3d 138 [1st Dept 2004]; Peso v American Leisure Facilities Mgt. Corp., 277 AD2d 48 [1st Dept 2000]), and even if it was, it was not routinely left unaddressed in light of undisputed evidence that the superintendent cleaned the stairs daily and confronted the subtenant who had the offending dog, which was later removed (see Pfeuffer v New York City Hous. Auth., 93 AD3d at 472).
In opposition, plaintiff failed to raise a triable issue of fact as to actual or constructive notice. There is no evidence that the condition had been visible and apparent for long enough to permit defendant to discover and remedy it (see Wellington v Manmall, LLC, 70 AD3d 401 [1st Dept 2010]; compare Hill v Lambert Houses Redevelopment Co., 105 AD3d 642 [2013]).
The majority believes that Love v New York City Hous. Auth. (82 AD3d 588 [2011]) is inapposite and that defendant failed to make a prima facie showing because defendant offered no evidence that its janitorial schedule was followed on the day of the accident or as to when the stairway was last inspected. However, in Pfeuffer v New York City Hous. Auth., citing Love, this Court held that the defendant sustained its prima facie burden where “[t]he NYCHA caretaker submitted an affidavit stating that each morning, he walked down all of the staircases in the building to remove garbage and debris prior to reporting to his supervisor^] . . . that later in the morning, he swept and mopped the halls and stairs beginning with the 13th floor and working his way down the stairs [,] . . . that he completed his cleaning of the ‘B’ stairs between the 7th and 6th floors shortly before his lunch break at 12:00 p.m. each day [and] . . . that he conducted a second inspection of the staircases in the afternoon at 3:30 p.m.” (at 472 [internal quotation marks omitted]). In Rodriguez v New York City Hous. Auth. (102 AD3d 407, 407 [2013]), again citing Love, this Court held that defendant made a prima facie showing where the caretaker “testified that she inspected the subject stairs twice every morning and once every afternoon, and promptly mopped any urine or other spills she found during her inspections.” In Torres v New York City Hous. *484 Auth. (85 AD3d 469 [1st Dept 2011]), this Court held that the defendant established its entitlement to summary judgment where “[t]he building’s supervisor of caretakers stated that the janitorial schedule for the building included that the subject stairs be cleaned in the hour before plaintiff fell.”
Accordingly, I would reverse the order and grant defendant’s motion for summary judgment.