Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered September 18, 2012, dismissing the complaint pursuant to an order, same court and Justice, entered July 16, 2012, which granted defendant’s motion for summary judgment, unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant’s motion for summary judgment was properly granted since defendant demonstrated that it did not create or have actual or constructive notice of the alleged defective condition, oil on the stairs, which allegedly caused plaintiff to fall (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]; Lewis v Metropolitan Transp. Auth., 99 AD2d 246, 249 [1st Dept 1984], affd for reasons stated below 64 NY2d 670 [1984]). Defendant presented, among other things, the affidavit of an employee who averred that one hour prior to plaintiff s accident, she cleaned and inspected the stairs where plaintiff fell and “left the . . . staircase clean, dry, well lit and *619 free of foreign substances” (see Gautier v 941 Intervale Realty LLC, 108 AD3d 481 [2013]). Contrary to plaintiffs argument, this affidavit, which was sworn to and notarized, is admissible, even though it does not contain the words “under the penalties of perjury,” since such language is only required for affirmations from attorneys, physicians, osteopaths or dentists (CPLR 2106).
Plaintiff has offered no admissible evidence raising a triable issue of fact as to notice. The purported hearsay statement of an unidentified “MTA woman,” “station cleaner” or “token booth agent” does not qualify under the speaking agent exception to the hearsay rule (see Gordzica v New York City Tr. Auth., 103 AD3d 598 [1st Dept 2013]), since there is no evidence supporting such a designation, nor is there evidence as to how it was known that this person was an “MTA” employee. Plaintiffs assertion that defendant had constructive notice because the station agent and booth were only a few feet from where plaintiff fell, is not supported by the record.
We have considered plaintiffs remaining contentions and find them unavailing.
Concur — Tom, J.P., Moskowitz, ManzanetDaniels, Feinman and Gische, JJ.