■ WENDY PAGAN, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [996 NYS2d 10]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered March 10, 2014, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its entitlement to judgment as a matter of law in this action where plaintiff alleges that at approximately 7 a.m, she slipped and fell on liquid as she descended the stairs in defendant's building. Defendant submitted evidence showing that it neither created nor had actual or constructive notice of the allegedly hazardous condition. Regarding the absence of actual notice, defendant submitted the testimony of the supervisor of housing caretakers for the building, who testified that he did not receive any complaints about liquid on any stairwells prior to the accident and there had been no prior accidents in that area (*see Pfeuffer v New York City Hous. Auth.*, 93 AD3d 470 [1st Dept 2012]).

Defendant also demonstrated that it lacked constructive notice of the liquid on the staircase through the affidavit of the caretaker assigned to the building on the day before the accident, who averred that she would have followed the weekend janitorial schedule, which required inspecting the building by 11:00 a.m. on the day before the accident and removal of anything found on the staircase, and that, pursuant to the schedule, she would inspect the staircase at around 8:00 a.m. the next morning (*see Rodriguez v New York City Hous. Auth.*, 102 AD3d 407 [1st Dept 2013]; *Raposo v New York City Hous. Auth.*, 94 AD3d 533 [1st Dept 2012]). Her statement concerning the janitorial schedule was corroborated by her supervisor's testimony. Plaintiff testified that the wet condition was not present on the stairs the prior evening, when she returned home at 9 p.m. Such evidence established that the wet liquid was deposited on the stairs only after the caretaker left work and that the accident occurred before the caretaker came to work the next morning. This time frame, occurring out of regular work hours, would not have provided the caretaker with a sufficient period of time to discover and remedy the problem (*see Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837 [2005]). Defendant is not required to patrol the staircases 24 hours a day (*see Love v New York City Hous. Auth.*, 82 AD3d 588 [1st Dept 2011]).

Plaintiff's opposition failed to raise a triable issue of fact. There is no evidence that a recurring dangerous condition of wetness on the stairs was left unaddressed, since the caretaker and supervisor testified that these areas were cleaned daily, and plaintiff testified that complaints to the porters concerning the stairs were addressed (*see Pfeuffer* at 471-472). There is also no evidence that rainwater entering the building through its elevator had anything to do with plaintiff's fall. Furthermore, plaintiff's assertion that defendant did not address the allega-

tion in her bill of particulars that the stairway was not properly illuminated is insufficient to deny the motion. Indeed, plaintiff testified that the lights were on when she fell and there is no indication that she had difficulty seeing the steps prior to her fall (*see Jenkins v New York City Hous. Auth.*, 11 AD3d 358, 359 [1st Dept 2004]). Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.