■ Lucille Mahai-Sharpe, Appellant, v Riverbay Corporation, Respondent. [4 NYS3d 45]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered December 5, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its entitlement to judgment as a matter of law by showing that it neither created nor had notice of the condition that allegedly caused plaintiff to slip and fall in the laundry room of defendant's building. Defendant submitted evidence including plaintiff's testimony that she did not see any water on the floor in the area where she fell, and that she presumed that she slipped on water because her pants were damp. Defendant also submitted an affidavit from its janitorial supervisor, who stated that in accordance with the established maintenance schedule, he checked the laundry room floor three times on the day of the accident and found that it was clean and dry (see Pagan v New York City Hous. Auth., 121 AD3d 622 [1st Dept 2014]). Furthermore, defendant's claims representative stated that for the three-month period before the date of the accident, no complaints were lodged relating to water on the floor of the laundry room.

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's reliance on the affidavit of her expert, who stated that the design and construction of the laundry room ventilation system created a dangerous, slippery condition on the floor, is misplaced because as noted by the motion court, the expert did not demonstrate that the testing he performed sufficiently replicated the conditions in the laundry room on the day of the accident, which was five months earlier (see Alston v Zabar's & Co., Inc., 92 AD3d 553 [1st Dept 2012]). The expert also lacked the expertise to offer his opinion with respect to the ventilation system in the laundry room (see Schechter v 3320 Holding LLC, 64 AD3d 446, 449-450 [1st Dept 2009]). Even as-

suming plaintiff's expert was qualified to render an expert opinion, it is noted that his affidavit states that he touched the laundry room floor with his hand and found that it was "wet and damp." However, he did not state that the floor was wet in the area where plaintiff fell, and, "an expert's examination of a part of the general area is insufficient to preclude summary judgment" (*Murphy v Conner*, 84 NY2d 969, 972 [1994]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kapnick, JJ.