■ TRACY MENDOZA, Appellant, v FORDHAM-BEDFORD HOUSING CORP. et al., Respondents. [33 NYS3d 181]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 3, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Defendants failed to satisfy their prima facie burden of showing that they did not have constructive notice of the puddle of urine upon which plaintiff allegedly fell (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Defendants' employees both testified that the building's janitorial schedule required that the stairs where plaintiff's fall occurred be cleaned before the time of the accident, and that they personally inspected the stairs several times on the morning of the accident, finding no such puddle at any time. In contrast, however, plaintiff's testimony, which was submitted by defendants, was that at nearly the same time that defendants' employees claim to have found the stairs urine-free, she observed a puddle of urine in the same spot where she would later fall. Furthermore, plaintiff's daughter stated that she

observed a puddle of urine in the same spot two hours before the accident, which was several hours after plaintiff claimed to have seen the puddle (*see Hill v Lambert Houses Redevelopment Co.*, 105 AD3d 642 [1st Dept 2013]; *compare Pfeuffer v New York City Hous. Auth.*, 93 AD3d 470 [1st Dept 2012]). Accordingly, summary judgment was not appropriate because there remain issues of fact as to the credibility of defendants' employees and whether the urine puddle was extant on the stairs for six hours prior to plaintiff's accident without remediation by defendants. Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.