Canteen v New York City Hous. Auth. (2018 NY Slip Op 05733)





Canteen v New York City Hous. Auth.


2018 NY Slip Op 05733


Decided on August 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 9, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6553 300215/13

[*1]Delores Canteen, Plaintiff-Appellant,
v
The New York City Housing Authority, Defendant-Respondent.


Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered November 30, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its entitlement to judgment as a matter of law by establishing that it did not have actual or constructive notice of the urine on the staircase that allegedly caused plaintiff to fall. Defendant submitted, inter alia, the affidavit of its caretaker, who averred that it was his practice to inspect the staircase at issue twice each day, in the morning and at around 3:30 p.m., and to mop up any urine or other wet or slippery condition that he observed. He also stated that it was his practice to complete a checklist with regard to his morning inspection, and he attached and identified a copy of the checklist that he had completed as to the morning inspection on July 2, 2012, the day before plaintiff's fall. In addition, he specifically stated that no one had complained to him about urine in a stairwell between his afternoon inspection on July 2 and the time his shift ended (see Alamo v New York City Hous. Auth., 118 AD3d 484 [1st Dept 2014]; Rodriguez v New York City Hous. Auth., 102 AD3d 407 [1st Dept 2013]).
Plaintiff's opposition failed to raise a triable issue of fact. The evidence she submitted failed to demonstrate a recurring dangerous condition routinely left unaddressed by defendant, as opposed to a mere general awareness of such a condition, for which defendant is not liable (see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; Love v New York City Hous. Auth., 82 AD3d 588 [1st Dept 2011]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 9, 2018
CLERK