Sager v Waldo Gardens, Inc. (2018 NY Slip Op 07359)





Sager v Waldo Gardens, Inc.


2018 NY Slip Op 07359


Decided on November 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2018

Richter, J.P., Manzanet-Daniels, Gische, Tom, JJ.


7541 22768/15E

[*1]Monica C. Sager, Plaintiff-Respondent,
v
Waldo Gardens, Inc., et al., Defendants-Appellants.


Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains (John B. Martin of counsel), for appellants.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered January 11, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to establish entitlement to judgment as a matter of law in this action where plaintiff alleges that she slipped on an oily or slippery condition on a wheelchair access ramp located on the basement level of defendants' building. She testified that she could not see the condition before she fell because she was pushing a shopping cart in front of her, but afterwards she saw a small, shiny puddle of oil.
Defendants failed to make a prima facie showing that they lacked constructive notice of the hazardous condition. Defendants' witness, a building porter, testified that it was another porter's job to clean the ramp daily, but he did not know when the ramp was last inspected, which was insufficient to establish that an inspection and cleaning took place on the day of the accident (see Gautier v 941 Intervale Realty LLC, 108 AD3d 481 [1st Dept 2013]; Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011] ). The porter also testified that he had walked up and down the ramp many times before plaintiff's fall. Although he noticed that it was wet, he did not clean or mop the ramp, and did not state whether he inspected it or whether he observed an oily condition like the one that was visible to plaintiff after she fell.
Since defendants did not meet their prima facie burden, the burden did not shift to plaintiff to raise an issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 1, 2018
CLERK