Perez v River Park Bronx Apts., Inc. (2019 NY Slip Op 00196)





Perez v River Park Bronx Apts., Inc.


2019 NY Slip Op 00196


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


7739 21864/14

[*1]Joanne Perez, Plaintiff-Respondent,
v
River Park Bronx Apartments, Inc., et al., Defendants-Appellants, River Park Towers Associates, et al., Defendants.


Chartwell Law, New York (Leonid Kushnir of counsel), for appellants.
The Yankowitz Law Firm, P.C., Great Neck (Jack Yankowitz of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered January 10, 2018, which denied defendants-appellants' (defendants) motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants established prima facie that they did not cause, create or have actual or constructive notice of the wet condition on the staircase on which plaintiff allegedly slipped and fell (see Pagan v New York City Hous. Auth., 121 AD3d 622 [1st Dept 2014]). The building superintendent testified that he had no knowledge of the condition and received no complaints about it on the day of the accident. On the issue of constructive notice, although he described a reasonable cleaning and inspection routine (see Harrison v New York City Tr. Auth., 94 AD3d 512, 514 [1st Dept 2012]), there was no evidence when the stairs were last inspected or cleaned before plaintiff's accident so as to satisfy defendant's burden (see Sager v Waldo Gardens Inc., __ AD3d __ 2018 NY Slip Op 07359 [1st Dept 2018]; Guzman v 922 Broadway Ent., LLC, 130 AD3d 431, 432 [1st Dept 2015]; Sartori v JP Morgan Chase Bank N.A., 127 AD3d 1157, 1158 [2d Dept 2015]).
Plaintiff's deposition testimony offered in support of defendant's motion, however, established that the water condition did not exist for a sufficient period of time to discover and remedy the problem (see Pagan, 121 AD3d at 623-624). Thus, there was neither actual nor constructive notice of the wetness. Although plaintiff testified that she had complained about a wet condition on the stairs on three occasions between 2009 and 2013, she presented no evidence of a recurring condition unaddressed by defendants. Plaintiff also testified that she had no reason to believe that the stair was wet when she left her apartment at 5 p.m. and that she slipped on the stairs when she returned, less than an hour later. Thus, any wet condition was present for less than an hour, and might have been there only minutes or seconds before plaintiff slipped on it (see Harrison, 94 AD3d at 513-514). Plaintiff failed to raise any issue of fact requiring a trial.
Plaintiff's argument that the absence of a handrail on both sides of the staircase raises an [*2]issue of fact as to defendants' negligence is speculative, as there is no evidence that the absence of a handrail played any role in her accident (see Jenkins v New York City Hous. Auth., 11 AD3d 358, 359-360 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK