Frederick v New York City Hous. Auth. (2019 NY Slip Op 03906)





Frederick v New York City Hous. Auth.


2019 NY Slip Op 03906


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9346

[*1]Gail Frederick, 20484/14E Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Belovin Franzblau & Associates, P.C., Bronx (David A. Karlin of counsel), for appellant.
Herzfeld & Rubin, P.C., New York (Linda M. Brown of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet Rosado, J.), entered January 9, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was injured when, while descending the lobby stairs in defendant's building, she slipped and fell on urine. Defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence showing that it did not have actual or constructive notice of the hazardous condition. Regarding actual notice, the superintendent of the building testified that tenants were given a phone number to notify defendant about any problems with the building, he was unaware of any ongoing issue with urine being on the lobby's steps, no complaints were made about the condition of the stairs before plaintiff fell, and there were no accidents in that area before the accident. The building's caretaker also testified that she received no complaints about the lobby before the accident (see Gomez v J.C. Penny Corp., Inc., 113 AD3d 571 [1st Dept 2014]).
As for constructive notice, the caretaker stated that the janitorial schedule required that the lobby's steps be inspected once in the morning and again between 4:00 and 4:15 p.m., and she would promptly remove anything found during her inspections (see Rodriguez v New York City Hous. Auth., 102 AD3d 407 [1st Dept 2013]).
In opposition, plaintiff failed to raise a triable issue of fact. Viewing the record in a light most favorable to plaintiff, defendant had less than 30 minutes to find the urine before the caretaker left work for the night. This is an insufficient period of time to charge defendant with having constructive notice (see Pagan v New York City Hous. Auth., 121 AD3d 622, 623 [1st Dept 2014]).
Furthermore, defendant demonstrated that urine on the lobby stairs was not an ongoing condition that was routinely left unaddressed. The building's caretaker testified that she inspected the accident location twice and cleaned the area at least once on the day that plaintiff fell (see Pfeuffer v New York City Hous. Auth., 93 AD3d 470, 472 [1st Dept 2012]). The fact [*2]that the caretaker stated that she saw urine on the floor about "once every two weeks" does not establish that defendant routinely left the condition unaddressed (see Raposo v New York City Hous. Auth., 94 AD3d 533, 534 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK