Manderson v Phipps Houses Servs., Inc. (2019 NY Slip Op 04485)





Manderson v Phipps Houses Servs., Inc.


2019 NY Slip Op 04485


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9567 151807/15

[*1]Juanita Manderson, Plaintiff-Appellant,
v
Phipps Houses Services, Inc., et al., Defendants-Respondents.


Kiley, Kiley & Kiley, PLLC, Great Neck (James D. Kiley of counsel), for appellant.
Perry, Van Etten, Rozanski & Kutner, LLP, New York (Joseph K. Strang of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 30, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have notice of the condition that allegedly caused plaintiff to fall. The superintendent of the building where plaintiff fell testified that he inspected the vestibule at the end of his shift and that he did not receive any complaints about the vestibule after hours (see Pfeuffer v New York City Hous. Auth., 93 AD3d 470, 471-472 [1st Dept 2012]). Plaintiff also testified that she was not able to identify what caused her fall and did not actually see water on the floor, and video evidence showed other people traversing the vestibule without any issue.
Plaintiff's opposition fails to raise a triable issue of fact. The evidence does not demonstrate a specific recurring dangerous condition routinely left unaddressed by defendant, as opposed to a mere "general awareness" of such a condition (Raposo v New York City Hous. Auth., 94 AD3d 533, 534 [1st Dept 2012]). Although plaintiff contends that the floor was wet from rainwater being tracked into the vestibule, there is no evidence as to the amount of water in the vestibule on which plaintiff allegedly slipped and how long it was present before the accident (see Joseph v Chase Manhattan Bank, 277 AD2d 96 [1st Dept 2000]). The fact that it had been raining for several hours before the accident does not, alone, establish an issue of fact as to whether defendants had constructive notice (id.). Furthermore, contrary to plaintiff's contention, the record shows that defendants did exercise reasonable care in maintaining the vestibule, and they were not required to cover all of its floors with mats or to continuously mop up all moisture resulting from
tracked-in rainwater (see Kovelsky v City Univ. of N.Y., 221 AD2d 234 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK