Vanterpool v Crotona Terrace Apts., L.P. (2019 NY Slip Op 06715)





Vanterpool v Crotona Terrace Apts., L.P.


2019 NY Slip Op 06715


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9877 304839/15

[*1]Lamar Vanterpool, Plaintiff-Appellant,
v
Crotona Terrace Apartments, L.P., et al., Defendants-Respondents.


Monier Law Firm, PLLC, New York (Philip Monier, III of counsel), for appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, White Plains (Jonathan W. Greisman of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about September 14, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendants failed to satisfy their prima facie burden on constructive notice by showing that they followed their prescribed cleaning schedule for the stairwell owned and managed by them, on which plaintiff fell (see Mendoza v Fordham-Bedford Hous. Corp., 139 AD3d 578 [1st Dept 2016]). Plaintiff first observed urine on the building's staircase at approximately 8 p.m., and he slipped on the same hazardous puddle about midnight the same night. In support of their motion, defendants introduced the superintendent's deposition testimony, which conflicted with his affidavit on two critical points: (1) whether he had inspected the subject staircase in accordance with his daily routine on the date of plaintiff's accident; and (2) whether he recalled the condition of the staircase on that same date. Accordingly, the record precludes determination, as a matter of law, of whether the urine puddle was extant on the stairs for a period of time sufficient to allow a reasonable opportunity to remedy the hazard (Hobbs v New York City Hous. Auth., 168 AD3d 634 [1st Dept 2019]; Gautier v 941 Intervale Realty LLC, 108 AD3d 481 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK