Suarez v Jesup Realty Group, LLC (2019 NY Slip Op 08780)





Suarez v Jesup Realty Group, LLC


2019 NY Slip Op 08780


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


10507

[*1] David Suarez, Plaintiff-Appellant,
v
Jesup Realty Group, LLC, Defendant-Respondent.


Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for appellant.
O'Toole Scrivo, LLC, New York (Robert W. Gifford of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Robert T. Johnson, J.), entered June 26, 2018, dismissing the complaint pursuant to an order, same court and Justice, entered October 19, 2017, which granted defendant's motion for summary judgment, unanimously affirmed, without costs.
Defendant established prima facie entitlement to judgment as a matter of law in this action where plaintiff alleges that he was injured when he slipped and fell while descending the stairs in defendant's building.
Defendant submitted evidence, including the building superintendent's testimony, showing that it did not create the wet condition on the stairway, or have actual or constructive notice of the condition.
In opposition, plaintiff failed to raise a triable issue of fact (see Rivera v 2160 Realty Co., L.L.C., 4 NY3d 837 [2005]; Pagan v New York City Hous. Auth., 121 AD3d 622 [1st Dept 2014]).
There is no evidence of when the spill occurred, and plaintiff's own testimony demonstrates that the spill was not present about three hours earlier, after the superintendent had already ceased working for the day (see Betances v 185-189 Audubon Realty, LLC, 139 AD3d 404, 405 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK