Rosado v New York City Hous. Auth. (2021 NY Slip Op 03270)





Rosado v New York City Hous. Auth.


2021 NY Slip Op 03270


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Index No. 301339/15 Appeal No. 13865 Case No. 2020-03292 

[*1]Iran M. Rosado, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent. 


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac, Jillian Rosen and Gregory Freedman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 15, 2020, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff, a resident of a housing development owned and maintained by New York City Housing Authority (NYCHA), claims that he sustained injuries as a result of a slip and fall on a building staircase. Specifically, plaintiff claims that he slipped and fell on grease, urine or some other substance as he was descending the staircase between the seventh and sixth floors.
The motion court granted defendant's motion for summary judgment finding that defendant had established that the staircase where plaintiff slipped was regularly inspected and maintained and that plaintiff failed to establish that defendant had actual or constructive notice of the condition. We agree that defendant made a prima facie showing of entitlement to summary judgment. Defendant presented evidence that its caretaker, acting in accordance with a janitorial schedule, cleaned the staircase shortly before plaintiff slipped and fell (see Pagan v New York City Hous. Auth., 121 AD3d 622, 623 [1st Dept 2014]; Alamo v New York City Hous. Auth., 118 AD3d 484 [1st Dept 2014]). Defendant also presented testimony that no complaints had been received about the alleged condition.
Plaintiff failed to raise a triable issue of fact in opposition. His claim that he reported the condition two days before the incident was insufficient, in light of the evidence that defendant regularly cleaned the stairs, including just before the incident, and because a defendant "cannot be expected to patrol its staircases 24 hours a day" (Pfeuffer v New York City Hous. Auth., 93 AD3d 470, 472 [1st Dept 2012] [internal quotation marks omitted]). Moreover, the motion court correctly disregarded plaintiff's proffered expert report which asserted that the steps were slippery because they had been painted. This contention constituted a new theory not asserted in the notice of claim or bill of particulars and was raised for the first time in response to defendant's motion for summary judgment (see Monmasterio v New York City Hous. Auth., 39 AD3d 354, 355 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021