Delvalle v 1733 Unico LLC (2022 NY Slip Op 01098)





Delvalle v 1733 Unico LLC


2022 NY Slip Op 01098


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Manzanet-Daniels, J.P., Gische, Mazzarelli, Friedman, Mendez, JJ. 


Index No. 302535/16 Appeal No. 15324 Case No. 2021-01709 

[*1]Mary Delvalle, Plaintiff-Respondent,
v
1733 Unico LLC, et al., Defendants-Appellants.


Lesch & Lesch, P.C., Bronx (Beth S. Gereg of counsel), for appellants.
Kenneth J. Gorman, New York, for respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about April 20, 2021, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established their prima facie entitlement to summary judgment by submitting the affidavit of their superintendent (Baez) who described his daily inspection routine. They also provided video footage from a surveillance camera showing plaintiff walking down the stairs and capturing her fall at approximately 8:45 a.m. Defendants contend the video shows no windows were open and that plaintiff was looking down at her cell phone and not holding on to the handrail when she fell.
In his affidavit, Baez states that he typically starts his inspections of these two adjoining buildings between 7:00 a.m. and 7:10 a.m. each day, reaching plaintiff's building by approximately 7:15 a.m., and completing his duties between 7:30 a.m. and 7:45 a.m. Baez states that he did not see any water on the steps on the date of the accident and that there were no open windows in the hallways, nor were any of the windows broken when he did his inspection that morning. He states that no one ever complained to him about water on the steps, windows being open, or broken windows in the hallways. Defendants made a prima facie showing that an inspection or janitorial schedule not only existed, but that it was followed on the day of the accident, establishing that they did have notice of a hazardous condition (Gautier v 941 Intervale Realty LLC, 108 AD3d 481, 482 [1st Dept 2013]).
Plaintiff, however, raises issues of fact that preclude the grant of summary judgment in defendants' favor. Baez's affidavit is contradicted by two of defendants' own witnesses. Maldonado, defendants' building manager, was deposed as was Leon, defendants' director of administration. Each of them testified that porters were responsible for cleaning, mopping and sweeping the hallways and other areas of the building. Each of them stated that Baez's duties did not include a daily inspection of the buildings and that his workday started at 8:00 a.m., not 7:00 a.m.
Plaintiff also relied on her own deposition testimony that moisture, particularly after a rainfall, regularly entered the building through a broken window between the third and fourth floors of the building and through an open window between the second and third floors, causing a recurring wet condition on the staircase. It had rained the night before the accident. Plaintiff testified that she had previously complained to the superintendent about wetness on the marble steps when it rained.
Plaintiff did not present a new theory of liability in opposition to defendant's motion for summary judgment. The complaint and bill of particulars both cite a wet condition on the stairs as the cause of her accident, and plaintiff consistently maintained that she slipped because of a wet condition on the stairs. Any variations in the specifics of [*2]plaintiff's testimony regarding whether the window was open or broken present issues of credibility for the factfinder.
To the extent defendants argue that certain witness affidavits were improperly considered, it should be noted that the witnesses' presence on the scene was known to defendants since they appear in the video produced by defendant and there can be no surprise.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022