Rodriguez v New York City Hous. Auth. (2022 NY Slip Op 03461)





Rodriguez v New York City Hous. Auth.


2022 NY Slip Op 03461


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Kern, J.P., Oing, Singh, Moulton, Scarpulla, JJ. 


Index No. 151572/18 Appeal No. 16001 Case No. 2021-04606 

[*1]Eufemia Rodriguez, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Herzfeld & Rubin PC, New York (Miriam Skolnik of counsel), for appellant.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered October 22, 2021, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant sustained its initial burden of showing that it lacked notice of the presence of the cardboard box near the walkway of its building before the accident and that it observed a reasonable cleaning routine (see Velocci v Stop & Shop, 188 AD3d 436, 439 [1st Dept 2020]). Plaintiff testified that she did not see the box when she left work at 4:00 p.m. on the day before her fall, and defendant's caretaker stated that it was not there when he left work at 4:30 p.m. on the same day. The caretaker also testified that he cleaned the area twice a day, first thing in the morning and last thing at night. Thus, the box could have been deposited near the walkway a few minutes before plaintiff's accident(see Rivera v 2160 Realty Co., L.L.C., 4 NY3d 837, 838 [2005]). Defendant is not required to patrol the area 24 hours a day (Pagan v New York City Hous. Auth., 121 AD3d 622, 623 [1st Dept 2014]), and plaintiff failed to show that the cleaning schedule described by the caretaker was "'manifestly unreasonable'" (see Beras v New York City Hous. Auth., 118 AD3d 584, 584 [1st Dept 2014]).
Plaintiff's argument that the caretaker admitted that tenants regularly left garbage near the walkway and that it was a recurring problem is unavailing. The caretaker's testimony shows that defendant was aware of the general problem, not that it was aware of the specific presence of the cardboard box at issue, and that it addressed the problem by having the caretaker clean the area twice a day (see Vasquez v Nealco Towers LLC, 160 AD3d 496 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022